861 F.2d 1242
 William Joseph MEAGHER, Petitioner-Appellant,
v.
Richard L. DUGGER, Secretary, Florida Department of
Corrections, and Robert A. Butterworth, Attorney
General, State of Florida, Respondents-Appellees.
 No. 87-5810.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 19, 1988.
 
 William Joseph Meagher, Sharpes, Fla., pro se.
 Marcia J. Silvers, Miami, Fla. (Court-appointed), for petitioner-appellant.
 Robert A. Butterworth, Atty. Gen., Dept. of Legal Affairs, Nancy C. Wear, Steven T. Scott, Asst. Attys. Gen., Miami, Fla., for respondents-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before VANCE and KRAVITCH, Circuit Judges, and HENDERSON, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 William Meagher was charged in 1979 in the Circuit Court of Dade County, Florida, with three counts of armed robbery, three counts of kidnapping, and two counts of possession of a firearm during the commission of a felony. During several periods over the next three years he was adjudged incompetent and committed to the Florida Department of Health and Rehabilitative Services. In April 1982, the state circuit court judge found Meagher competent to stand trial.
 
 
 2
 Pursuant to plea negotiations, Meagher entered into a plea agreement with the State. In exchange for his plea of nolo contendere, the State agreed to nolle prosequi a second information which also had been filed against him, and to enter a nolle prosequi on all charges but the armed robbery count in the instant case. The State further agreed to a sentence of twenty years to run concurrently with a ten year sentence he was currently serving in Broward County and with any time he was to serve as the result of a pending case against him for federal parole violation.
 
 
 3
 The transcript from Meagher's sentencing hearing reveals an inconsistency in the terms of the plea agreement. During the early part of the hearing, the circuit judge initially stated in his conversation with petitioner that the twenty year sentence would run "concurrent with the time [petitioner] served in Broward County ... and ... concurrent with any other time [he was] given in the Federal Parole on the case pending against [him]." Towards the end of the plea colloquy, however, the judge orally imposed the sentence to run "concurrent to the time that [petitioner] was sentenced in Broward County. In addition, it will be consecutive with any Federal Parole violation that may occur in the near future." (emphasis added). Neither Meagher, who was at the time assisted by counsel, nor the State called attention to this inconsistency. The judge's written judgment and commitment order, dated April 29, 1982, specifically stated that Meagher's sentence was to run concurrent with any pending federal parole violation.
 
 
 4
 The petitioner timely appealed to the Florida Third District Court of Appeal on the issue of competency, which he had reserved for appeal at the time he entered his nolo contendere plea. The court affirmed per curiam. Meagher v. State, 439 So.2d 296 (Fla.Dist.Ct.App.1983).
 
 
 5
 In October 1984, Meagher filed pro se his first Motion to Vacate Judgment and Sentence pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, claiming that his plea was involuntary on four grounds unrelated to the issue at bar.[1] The state trial court denied the motion and denied the motion for rehearing. Meagher appealed the denial of his motion for postconviction relief to the Third District Court of Appeal. Thirteen days after the State's response to the district court's order to show cause on April 3, 1985, the court affirmed per curiam the circuit court's denial of Meagher's first Rule 3.850 motion. Meagher v. State, 469 So.2d 758 (Fla.Dist.Ct.App.1985).
 
 
 6
 Nearly a year later, on April 3, 1986, Meagher received a Notice of Parole Revocation from the United States Parole Commission, dated January 7, 1985.[2] Contrary to the terms of the plea agreement and written judgment and commitment order, the notice of action by the parole commission provided, "Revoke parole; None of the time spent on parole shall be credited. The unexpired portion of your federal sentence shall commence upon your release from state custody or upon federal reparole to your state sentence, whichever comes first."
 
 
 7
 Based on this new information, Meagher filed a second pro se Rule 3.850 motion on July 31, 1986. He argued in the second motion that his plea was involuntary because the notice of parole violation did not comport with his understanding of the plea agreement, as reflected in the judgment and commitment order. On August 12, 1986, he filed a memorandum in support of his second motion for postconviction relief, restating the issues and facts supporting the motion. The state circuit court denied the motion on October 1, 1986, and Meagher timely appealed.[3] In response to the Third District Court's order to show cause, the State conceded the terms of the plea agreement as petitioner understood it, but asserted a procedural bar to the instant claim on the grounds that Meagher had failed to raise it either on direct appeal or in his first Rule 3.850 motion. In December 1986, Meagher filed a traverse to the State's response, in which he explained again why he did not raise the issue on direct appeal or in his first 3.850 motion. In January 1987, the Third District Court affirmed per curiam the trial court's order denying Meagher's second motion for postconviction relief. Meagher v. State, 501 So.2d 607 (Fla.Dist.Ct.App.1986).
 
 
 8
 Meagher then turned to the federal courts and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the United States District Court for the Southern District of Florida, alleging that his plea was unlawfully induced and involuntary in violation of his fifth and fourteenth amendment rights to due process. In response to yet another show cause order, the State argued that petitioner had failed to exhaust all available state remedies by neglecting to raise the issue on direct appeal or in the first Rule 3.850 motion, thereby creating a procedural bar to the assertion of this ground of relief in the second motion.[4] Following the petitioner's motion for summary judgment, the United States magistrate upheld the Florida court's application of a procedural bar to Meagher's claim on the grounds that he did not provide the court with a proffer of cause for his failure to present the issue in his first motion to vacate the judgment and sentence, either while the motion was pending or on rehearing. The magistrate then noted a second, "more cogent" reason for enforcing procedural bar--that the inconsistency of the sentence should have put Meagher or his attorney on notice. Meagher's remedy, according to the magistrate, was to object and withdraw the plea, or to take a direct appeal on the issue, or to raise it collaterally in the first motion to vacate. The district court adopted the magistrate's report and recommendation and dismissed the habeas corpus petition giving rise to this appeal. Because we find that the petitioner's late receipt of the notice of parole revocation prevented him from asserting the plea issue on direct appeal or in the first Rule 3.850 motion, we reverse and remand.
 
 
 9
 Principles of comity and a concern for the orderly administration of justice preclude a federal district court from entertaining a petition for a writ of habeas corpus without restriction. One such limitation is procedural default. Under the doctrine of Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), a state habeas corpus petitioner who fails to raise his constitutional claim in state court is procedurally barred from pursuing that issue in federal court absent a showing of cause for and actual prejudice from the default. Sykes, 433 U.S. at 87, 97 S.Ct. at 2506, 53 L.Ed.2d at 608. We have held that where the state court correctly applies a procedural default principle of state law, Sykes requires the federal court to abide by the state court's decision. Ratcliff v. Estelle, 597 F.2d 474, 478 (5th Cir.), cert. denied, 444 U.S. 868, 100 S.Ct. 143, 62 L.Ed.2d 93 (1979). This is so even where the state court addresses the merits as an alternate ground for rejecting a claim.[5] Dobbert v. Strickland, 718 F.2d 1518, 1524 (11th Cir.1983). The facts in the case sub judice, however, show more than sufficient "cause" for petitioner Meagher's failure to raise his constitutional claim on direct appeal or in his initial Rule 3.850 motion.
 
 
 10
 Florida law prohibits a motion for postconviction relief when the defendant could have, but did not assert his claim on direct appeal. See, e.g., Jones v. State, 446 So.2d 1059, 1061 (Fla.1984); McCrae v. State, 437 So.2d 1388, 1390 (Fla.1983); Armstrong v. State, 429 So.2d 287, 288 (Fla.1983); Ford v. State, 407 So.2d 907, 908 (Fla.1981). Moreover, Rule 3.850 imposes a procedural bar to successive motions for such relief where the movant could have raised the issue in a previous motion:
 
 
 11
 A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or his attorney to assert those grounds in a prior motion constitutes an abuse of the procedure governed by these rules.[6]
 
 
 12
 Meagher's present claim did not become ripe until his receipt of the Parole Commission's notice of action on April 3, 1986, some four years after his direct appeal in 1982. He was entitled to rely on the trial court's written judgment and commitment order of April 29, 1982, which was fully consistent with his understanding of the plea agreement. The State's argument that Meagher and his counsel were aware of his status as a federal parole violator during the taking of the nolo contendere plea, and that this status "was made a part of the state plea insofar as the state court could do so" is without merit. Even assuming the former to be true, it is difficult to imagine how this knowledge would have put Meagher on notice that the State may have lacked authority to enter into the agreement, or that the federal parole commission might change the terms of that agreement. This court takes a dim view of prosecutors who fail to fulfill the terms of their plea agreements. Placing the burden of objection on the petitioner's shoulders hints at best of the State's carelessness in entering into negotiations with criminal defendants, and at the worst evinces a disregard on the part of the State bordering on bad faith.
 
 
 13
 Similarly, Meagher could not possibly have challenged the voluntariness of his plea in his first motion for postconviction relief. Both the state trial court and the United States magistrate emphasized that the notice of action by the Parole Commission was dated January 7, 1985, but that the first motion to vacate was not decided until January 17, 1985, giving Meagher sufficient time to amend or supplement his pending motion. Although the notice of action was dated ten days before the trial court's ruling, it was not received by Meagher until April 1986. He had no reason to suspect that the Parole Commission's action would diverge from the terms of the State's agreement. Where petitioner can show "facts relevant to issues in the cause that could not have been discovered at the time the first petition was filed" there is no abuse of procedure under the strictures of Rule 3.850. Witt v. State, 465 So.2d 510, 512 (Fla.1985). See also McCrae v. State, 437 So.2d 1388, 1390 (Fla.1983) (permitting second or successive motion by same prisoner challenging same judgment or sentence where he alleges substantially different legal grounds).
 
 
 14
 Nor do we agree with the magistrate's conclusion that the petitioner's failure to note the inconsistency in the trial judge's oral pronouncements during the sentencing hearing operated as a procedural bar to a consideration of the claim in a second motion for postconviction relief. The terms of the plea agreement were that his twenty year sentence was to run concurrently with both his Broward County sentence and any pending case against him for violation of federal parole. The trial judge confirmed these terms with Meagher at the beginning of the hearing and put them in writing in his judgment and commitment order. Given these circumstances, the trial judge's reference to "consecutive" running of the sentence at a later point in the hearing must be characterized as mere inadvertence. We also take notice of the fact that the State did not recognize or detect the inconsistency at the time of the sentencing, nor did it ever suggest that such inconsistency might operate as a procedural bar.
 
 
 15
 The State next faults Meagher's alleged failure to comply with several technical requirements for filing his second Rule 3.850 motion. First, the rule requires that the motion be made under oath. Although Meagher did this, the motion did not include by reference his memorandum in support thereof, which therefore was not covered by the oath. The supporting memorandum itself, however, was subscribed, sworn to and properly notarized. Scott v. State, 464 So.2d 1171 (Fla.1985) is inapposite. In that case the Florida Supreme Court affirmed the circuit court's denial of Scott's motion for postconviction relief because he used the qualifying language that the allegations and statements contained in the motion were "true and correct to the best of his knowledge." 464 So.2d at 1172. The court noted that the purpose of Rule 3.850's oath requirement was to eliminate the use of false allegations. Id. In the case at bar, however, no such danger exists. Also, the Florida District Court of Appeal has held sufficient compliance where, although the original motion for postconviction relief was not sworn, a properly sworn affidavit was filed in support of the motion, permitting consideration of facial sufficiency of the motion to allege a legal basis for relief. Price v. State, 487 So.2d 34, 35 (Fla.Dist.Ct.App.1986). Taking into consideration these factors as well as Meagher's status as a pro se petitioner, we find substantial compliance with Rule 3.850's oath requirement.
 
 
 16
 Second, a procedural bar is not warranted by Meagher's failure to state the reasons why the claim was not raised in the former motion as required under sub-part (d) of the Rule. As noted above, the petitioner was proceeding pro se in both of his motions for postconviction relief as well as in his petition for a writ of habeas corpus. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654, reh'g denied, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972). Although the Rule technically requires the petitioner to include, if a previous motion has been filed, the reason why the claim in the present motion was not alleged in the former motion, the model form motion provided to Meagher does not specifically impose this requirement. Because he did not have the assistance of counsel, we find it reasonable for him to have relied solely on the form. Moreover, once this error was made known to Meagher, he made a good faith effort to cure the procedural defect by filing a traverse to the State's response to the district court's show cause order, in which he did explain his reasons for not bringing the issue to the attention of the court on direct appeal or in the first motion.
 
 
 17
 Third, we find that Meagher substantially complied with Rule 3.850's requirement that the movant set out the facts substantiating his allegations, in this case, that the plea was obtained involuntarily. The supporting facts stated by the petitioner in the second motion were as follows:
 
 
 18
 The plea was the result of an agreement that a (20) twenty year sentence would be imposed, said sentence to be served concurrently with any time the defendant may be required to serve pursuant to the Federal detainer lodged against him.
 
 
 19
 The plea was entered by the defendant with the understanding that if he was required to serve any time in Federal custody pursuant to the detainer, the sentence imposed in the instant case would be served 'simultaneously' with same.
 
 
 20
 This case is clearly different from McElroy v. State, 436 So.2d 417, 418 (Fla.Dist.Ct.App.1983), in which the petitioner was denied postconviction relief on the grounds that his Rule 3.850 motion did not set forth sufficient facts but, rather, conclusions of law. In addition, Meagher filed a supporting memorandum twelve days later, realleging the relevant facts and issues. In deference to Meagher's pro se status, his efforts to comply with this facet of the Rule were adequate.
 
 
 21
 In summary, we hold that the facts of this case establish sufficient cause and prejudice under the test of Wainwright v. Sykes, supra, to warrant escape from procedural default. Because Meagher was not aware of his claim until April 1986, pursuing the issue either on direct appeal in 1982 or in his first Rule 3.850 motion in October 1984 was a factual impossibility. Prejudice from the default arises because he sacrificed his right to a trial in exchange for an allegedly illusory sentence. An allegation that the defendant would not have pleaded nolo contendere if he had known that the sentence would not run concurrent to the parole violation sentence will support federal habeas relief. Justice v. Texas, 522 F.2d 1365, 1366-67 (5th Cir.1975). Meagher's habeas claim is not procedurally barred. Consequently, the district court must address the merits of the case.[7]
 
 
 22
 REVERSED AND REMANDED.
 
 
 
 [1]
 Meagher raised four claims:
 1) That he was coerced into entering the agreement under threat of being placed in the county jail strip cell;
 2) That psychotropic medications he was taking at the time of the plea prevented his ability to enter into it voluntarily;
 3) That the competency issue was nondispositive, entitling him to withdraw it; and
 4) That he was denied a copy of his competency hearing at the time of the appeal.
 In addition, Meagher alleged ineffective assistance of counsel on the ground that his attorney had failed to pursue these issues on appeal.
 
 
 [2]
 Apparently, the fifteen month lapse between issuance of the notice and Meagher's receipt of it resulted from postal delay, the notice allegedly having been found in the mails without a wrapper
 
 
 [3]
 In a detailed order the trial court gave the following reasons for denying Meagher postconviction relief:
 1) Petitioner failed to satisfy the technical oath requirements of making the rule 3.850 motion under oath, because the oath executed on the motion did not include the memorandum in support of the motion, nor did the motion incorporate by reference the memorandum.
 2) The motion failed to comply with sub-part (d) of Rule 3.850 which requires the petitioner to include "[i]f a previous motion or motions have been filed the reason or reasons why the claim or claims in the present motion were not raised in the former motion or motions."
 3) The properly sworn part of the motion "[failed] to set out facts which substantiate the allegation that the plea was involuntary and that he lacked knowledge of its consequences."
 4) Even if petitioner had filed a facially sufficient motion, the ground alleged for postconviction relief was incorrect, since the parole revocation order "does not state that the unexpired portion of his federal sentence is to be served consecutively to his state sentence. Thus, that sentence can run concurrently with his state sentence."
 5) Petitioner could have, but failed to raise the issue in his first Rule 3.850 Motion, as the parole revocation order was dated January 7, 1985, giving him sufficient time to amend or supplement his pending motion prior to it being ruled upon on January 17, 1985.
 
 
 [4]
 The State also maintained, incorrectly, that "[e]ven after the receipt of the 'Notice of Action' from the United States Parole Commission that forms the basis of the instant claim, petitioner waited more than a year before moving for post-conviction relief on that ground in the trial court." Meagher filed his second motion to vacate on July 31, 1986--only four months after his receipt of the notice on April 3, 1986
 
 
 [5]
 Here, the State argued on the merits that "[d]efendant has made no showing that the report reflects any change not contemplated when the plea was entered. Even if such a showing could be made ... defendant does not allege or prove that the State was in any way responsible."
 
 
 [6]
 The comparable federal rule against abuse of successive petitions in habeas cases is contained in Rule 9(b), Rules Governing Sec. 2254 Cases in the United States District Court
 
 
 [7]
 Subsequent to oral argument, Meagher filed a pleading entitled "Corrected Clarification of Relief Requested," in which he withdrew his original prayer to vacate his guilty plea and remand the case to the State court for a new trial. Instead, he now seeks immediate release from State custody and transferral to federal prison to begin service of his federal sentence in conformance with the terms of his plea agreement. This is a matter for the consideration of the district court on remand. We express no opinion as to the merits of the "request" or the availability of such relief