**Robert Bruce HAWLEY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 88–5392

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

April 25, 1990.

Robert Bruce Hawley, Talladega, Ala., pro se.

Dexter W. Lehtinen, U.S. Atty., Arthur Lee Bentley III, and Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for respondent-appellee.

Before ANDERSON and CLARK, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

Appellant, Robert Bruce Hawley, was charged in December 1984 with three offenses involving a conspiracy to transport and actually transporting stolen diamond rings worth over $5,000, in violation of 18 U.S.C. §§ 371, 2314. Pursuant to a plea agreement, Hawley pled guilty to one count of transporting a stolen diamond ring. The district court sentenced Hawley to eight years, expressly providing that the sentence be served consecutively to a five year sentence Hawley was then serving

**1514**

pursuant to a conviction and sentence imposed by a Georgia court.

Hawley had previously been convicted and sentenced to a five year term by a Georgia court, which apparently intended that its sentence run concurrently with the sentence to be imposed for the instant federal offense.

■ Hawley argues on appeal that his consecutive federal sentence is unlawful because it denied the State of Georgia the right to impose a concurrent sentence. We reject Hawley's argument. Because of the division of powers between the federal government and the states under the dual sovereignty principle of our form of government, a defendant may not, by agreement with state authorities, compel the federal government to impose a sentence that is concurrent with an existing state sentence. *United States v. Sackinger*, 704 F.2d 29, 32 (2d Cir.1983) ("under the dual sovereignty principle, Sackinger could not, by agreement with state authorities, compel the federal government to grant a concurrent sentence"). See also *United States v. Eastman*, 758 F.2d 1315 (9th Cir. 1985) (federal court cannot, by attempting to impose a federal sentence to run consecutively to a state sentence which was yet to be imposed, preempt the right of a state court to apply its own sentencing laws). Therefore, the district court was not bound by the state court's intentions and was free to use its own discretion in applying federal law to determine the conditions of the appellant's federal sentence.

Appellant's other arguments on appeal are without merit and warrant no discussion. The judgment of the district court is therefore AFFIRMED.