**William Joseph MEAGHER, Petitioner,**

v.

**Richard DUGGER, et al., Respondents.**

**No. 87–0809–CIV.**

United States District Court,
S.D. Florida.

May 17, 1990.

Marcia Silvers, Miami, Fla., for petitioner.

Michael Neimand, Asst. Atty. Gen., Miami, Fla., for respondents.

Guy Lewis, Asst. U.S. Atty., Miami, Fla., for U.S.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

NESBITT, District Judge.

This most unusual habeas corpus case comes before the Court on remand from the United States Court of Appeals for the Eleventh Circuit.[1] Subsequent to the judgment of the Court of Appeals, Petitioner filed a Motion to Amend Petition for Writ of Habeas Corpus, and Respondent filed a Motion to Dismiss. These motions were referred to United States Magistrate Charlene H. Sorrentino, who has filed a Report and Recommendation. After reviewing the mandate and opinion of the Court of Appeals, the report of the Magistrate, and Petitioner's objections to the report, and after an independent review of the record, the Court hereby ADOPTS the Recommendation of the Magistrate.

It is therefore ORDERED and ADJUDGED that Petitioner's Motion to Amend Petition is GRANTED, and the amended Petition for Writ of Habeas Corpus is DENIED.

## PROCEDURAL HISTORY

The facts of this case have previously been set out both in the opinion of the Court of Appeals, *see Meagher v. Dugger,* 861 F.2d 1242 (11th Cir.1988), and in the Magistrate's Report and Recommendation. The Court, however, will briefly summarize the relevant facts.

In November, 1975, Petitioner was convicted in federal court and sentenced to 15 years imprisonment for unarmed robbery, a crime for which he had been arrested in 1973. In November, 1978, he was released on parole with 10 years and 1 day remaining on his sentence. In June, 1979, while on parole, he was arrested and charged with various crimes by state authorities. The day after his arrest, his parole officer informed him that he had violated his parole, and, throughout the time that Petitioner was in state custody, he was subject to a federal detainer relating to the parole violation.

In April, 1982, Petitioner was induced to plead *nolo contendere* to one of the state charges based on a plea arrangement in which the state agreed to a 20–year sentence which was to run *currently* with another state sentence already imposed *and* with any federal prison time he was to receive as a result of the parole violation.[2] However, in July, 1984, after a parole revocation hearing was held, it was ordered

---

1. This Court had ruled that Petitioner's claim was procedurally barred. The Court of Appeals reversed, holding that the facts of the case established sufficient cause and prejudice to warrant escape from the procedural default rule. *Meagher v. Dugger,* 861 F.2d 1242, 1247 (11th Cir.1988).

2. At the state sentencing hearing, there existed some confusion as to the exact sentence being imposed. The Court of Appeals found that the confusion was due to a misstatement by the state trial judge. In any event, the relevant terms of the plea agreement are not disputed by either party.

that Petitioner's parole was revoked and that the unexpired 10–year portion of his federal sentence was to commence only upon release from state custody.

At this point, to effectuate the intent of the state sentencing judge and to comply with the terms of the plea agreement, Petitioner could have been transferred to federal custody so that he could begin serving his federal sentence. Instead, Petitioner remained in state custody until December 23, 1988,[3] at which time he was transferred to Metropolitan Correctional Center to begin service of the remaining 10 years of his federal sentence.

Petitioner initially filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 while still in state custody. Because he has been transferred to federal custody, Petitioner now seeks to amend his petition to reflect the change in his custodial status. In brief summary, Petitioner argues that his state conviction and sentence were invalid because they were induced by a plea agreement that the state could not and did not keep. Specifically, Petitioner claims that his plea to the state charges was involuntary because he would not have pled *nolo contendere* had he known that his sentence would not be served concurrently with his federal parole violation sentence. Petitioner therefore requests that the time spent in state custody be credited towards completion of his federal sentence.

## DISCUSSION

The government has raised three grounds in opposition to Petitioner's motion. First, the government claims that Petitioner has not exhausted his administrative remedies. Second, the government questions whether this Court has jurisdiction to permit Petitioner to amend his petition. Finally, and most significantly, the government contends that the petition should be denied on the merits because the Court cannot grant the requested relief. The Court shall address each of these arguments.

### (a) *Exhaustion of Remedies*

■ The government is correct in its assertion that Petitioner must first exhaust administrative remedies before seeking judicial review of his sentence. *See United States v. Lucas*, 898 F.2d 1554 (11th Cir. 1990); *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir.1989) ("Congress has accorded the attorney general with initial discretion to determine credit for time served."); *United States v. Mathis*, 689 F.2d 1364, 1365 (11th Cir.1982) (defendant must pursue administrative remedies before district court has jurisdiction). Exhaustion of these administrative remedies is a jurisdictional requirement. *Lucas, supra.*

During the pendency of this action, Petitioner exhausted his administrative remedies. In a document entitled "Notice of Supplementary Facts Relating To His 'Objections To Magistrate's Report'," Petitioner indicates that he has fully pursued the administrative remedies provided for by 28 C.F.R. §§ 542.10–542.16, and that he has unsuccessfully appealed to the National Appeals Board pursuant to 28 C.F.R. § 2.26.

■ The purposes of the exhaustion requirement would not be served by dismissing this petition. Petitioner has afforded the attorney general the initial opportunity to determine credit for the time served on the state sentence, a full factual record has been developed, and the parties have fully briefed the issues raised by Petitioner's claim. Nevertheless, the exhaustion requirement is in this case jurisdictional, and it provides that administrative remedies must be exhausted prior to *seeking* judicial review, not merely prior to a district court's decision on the merits. *Cf. White v. Frank*, 718 F.Supp. 592, 596 (W.D.Tex. 1989) (dismissing ADEA claim where administrative remedies exhausted after filing suit), *aff'd*, 895 F.2d 243 (5th Cir.1990).

■ Petitioner's "Notice of Supplementary Facts" can fairly be read as an at-

---

**3.** The expiration of the state sentence and transfer to federal custody occurred during the pendency of this litigation, four days after the decision of the Court of Appeals.

tempt to amend the factual allegations of the petition. The Court will therefore construe Petitioner's "Notice of Supplementary Facts" as a motion to amend his petition to allege that administrative remedies have been exhausted. The Court will grant this motion and address the merits of the motion to substitute parties and to proceed under 28 U.S.C. § 2255.

### (b) *Motion to Amend Petition*

 In his motion to amend petition, Petitioner seeks to proceed under 28 U.S.C. § 2255 and to substitute various parties in place of the state officials who are now named as Respondents in this action. Because Petitioner does not attack the legality of his federal sentence, § 2255 is an inappropriate mechanism by which to seek credit for time spent in state custody. *See Cox v. Federal Bureau of Prisons*, 643 F.2d 534, 536 (8th Cir.1981); *Youngworth v. United States Parole Commission*, 728 F.Supp. 384, 388 (W.D.N.C.1990) ("§ 2255 deals with the *imposition* of an illegal sentence.... § 2241 addresses the *execution*" of the sentence). However, Petitioner's subsequent pleadings indicate the intent to seek relief pursuant to § 2241, and the parties have briefed the merits of the issue as if the petition were brought pursuant to § 2241. Accordingly, the Court will construe Petitioner's motion as an attempt to amend the initial motion so that it is brought pursuant to 28 U.S.C. § 2241.

The government contends that the Court cannot permit the amendment because the federal government was not a party to the plea agreement in question. However, it is clear that Petitioner may assert his claim in a § 2241 petition. *See Pinaud v. James*, 851 F.2d 27 (2nd Cir.1988) (reviewing federal prisoner's petition for state custody credit brought under § 2241); *Cox v. Federal Bureau of Prisons*, 643 F.2d 534, 536 n. 3

(8th Cir.1981) (district court has jurisdiction to entertain claims under § 2241); *Youngworth v. United States Parole Commission*, 728 F.Supp. at 389. Further, the government will not be prejudiced by substituting these federal officials as parties. *See id.* at 388 (government not prejudiced by amendment of petition to add bureau of prisons as party).

Accordingly, Petitioner's Motion to Amend Petition for Writ of Habeas Corpus is GRANTED.[4] Because the parties have fully briefed the issues raised by the amended petition, and because the Magistrate reached the merits in her Report and Recommendation, the Court will address the issues raised by the amended petition.

### (c) *Petition for Writ of Habeas Corpus*

The Court of Appeals found that Petitioner did in fact have a plea bargain, and that the plea bargain required that the state sentence be served concurrently with the federal parole violation sentence. *See Meagher v. Dugger*, 861 F.2d 1242, 1246 (11th Cir.1988). Citing *Justice v. Texas*, 522 F.2d 1365 (5th Cir.1975), the Court also noted that "an allegation that the defendant would not have pleaded nolo contendere if he had known that the sentence would not run concurrent to the parole violation sentence will support federal habeas relief." *Meagher v. Dugger*, 861 F.2d at 1247.[5] The Court of Appeals remanded the case to this Court to determine the relief to be afforded Petitioner. *Id.* at 1247 n. 7.

[6] Two remedies are available for a government's breach of its plea agreement: specific performance and withdrawal of the guilty plea. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971); *United States v. Tobon–Hernandez*, 845 F.2d 277, 280 (11th Cir.1988). The

---

**4.** The Magistrate did not explicitly address the Motion to Amend in her Report and Recommendation.

**5.** In *Justice*, the petitioner was sentenced in a Texas state court to 25–years imprisonment, to run concurrently with other sentences totaling 45 years which he was then serving on state charges in Oklahoma. Three years later, he was

paroled by Oklahoma authorities and then remanded to the custody of Texas officials. The district court held that the state of Texas had breached the plea bargain by not releasing the petitioner, and it therefore overturned the Texas conviction. The court of appeals affirmed the granting of the writ of habeas corpus. *Justice v. Texas*, 522 F.2d at 1367.

choice between the two is within the sound discretion of the court. *Id.*

■ During the pendency of this litigation, Petitioner has been transferred to the custody of the federal government. This factor complicates the Court's analysis because the Court cannot provide the relief Petitioner is requesting either by allowing him to withdraw his plea or by requiring the state to adhere to its agreement. Petitioner therefore seeks "specific performance" in the form of requiring federal authorities to credit him for time served in state custody. The Court is powerless to grant such relief.

■ When a convicted federal prisoner claims credit for time served in a state jail or prison, the burden is on the prisoner to establish that the state confinement "was exclusively the product of such action by Federal law-enforcement officials [so] as to justify treating the State jail as the practical equivalent of a Federal one." *United States v. Harris,* 876 F.2d 1502, 1506 (11th Cir.1989) (quoting *Ballard v. Blackwell,* 449 F.2d 868, 869 (5th Cir.1971)), *cert. denied,* — U.S. —, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989).

Petitioner does not fit within this rule. Though he was subject to a federal detainer while in state custody, his confinement was the result of his arrest on unrelated state charges, and of the conviction and sentence, albeit an unlawful conviction and sentence, imposed by the state court.[6]

Petitioner in effect seeks the creation of an exception to the rule: credit for time served in state custody as a result of an unlawful conviction and sentence. The Eleventh Circuit has not addressed this specific issue. However, the former Fifth Circuit has held that 18 U.S.C. § 3568[7] precludes such relief. *See Scott v. United States,* 434 F.2d 11, 21 (5th Cir.1970) (prisoner not entitled to credit on federal sentence for time served on invalid state court sentence he was serving when convicted of federal offense).

The Second Circuit has addressed a similar situation involving § 3568. In *Pinaud v. James,* 851 F.2d 27 (2nd Cir.1988), the petitioner sought credit for time served in state custody because he had pled guilty in state court pursuant to a plea agreement whereby his state sentence was to run concurrently with a yet-to-be imposed federal sentence. Although his state conviction was ultimately vacated, the court denied relief. The court based its decision on two "intersecting principles." First, the court concluded that to grant relief would in effect eliminate the power of a federal court to impose a consecutive sentence whenever a conflicting agreement exists between the petitioner and the state. Second, the court held that to grant credit would violate § 3568.[8]

---

6. Petitioner does not allege that, but for the federal detainer, he may have been permitted to remain free on bail from 1979 to 1982, the period between his arrest and conviction on state charges. Were this the case, § 3568, *see infra,* note 7, would not preclude credit for this period of time served in state custody. *See Ballard v. Blackwell,* 449 F.2d at 869 ("[I]f absent the federal detainer and under available state procedures [the petitioner] could have been released from the contemporary State confinement, credit must be given.").

7. Title 18 U.S.C. § 3568, which governs the calculation of federal sentences imposed for crimes committed prior to November 1, 1987, provides in relevant part that:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the ... jail for service of such sentence. The Attorney General shall give

any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed....

. . . .

No sentence shall prescribe any other method of computing the term.

18 U.S.C. § 3568 (1982). By requesting credit for time served in state custody, Petitioner asks the Court to interpret his sentence of imprisonment as having commenced several years prior to the date on which he was taken into federal custody.

8. Other circuits have similarly interpreted § 3568. *See Hardy v. United States Board of Parole,* 443 F.2d 402 (9th Cir.1971) ("It is fundamental that appellant's federal sentence did not begin to run until appellant, a parole violator, was returned to federal prison for the service of the balance of his sentence.") (citing § 3568); *Green v. United States,* 334 F.2d 733 (1st Cir.

In dissent, Judge Oakes argued that the courts should recognize an exception to § 3568 where the defendant was prevented from beginning service of his federal sentence solely because of a constitutional violation. *See Pinaud,* 851 F.2d at 33 (Oakes, J. dissenting) ("[W]here Pinaud's state sentence was [illegal] on Sixth Amendment grounds, crediting Pinaud for this 'dead time' is the only result that would vindicate constitutional protections in a manner consistent with the ... rationale of fundamental fairness."). The dissent distinguished *Scott* and *Davis v. Attorney General,* 432 F.2d 777, 778 (5th Cir.1970), the two former Fifth Circuit cases precluding the granting of credit for time served on an unrelated and unlawful state sentence.[9]

Judge Oakes further noted that courts have recognized, on equal protection grounds, an exception to § 3568 for a prisoner who cannot enter into federal custody solely because he lacks sufficient funds to post bond with the state. *See United States v. Gaines,* 449 F.2d 143, 144 (2nd Cir.1971); *see also Nelson v. United States,* 402 U.S. 1006, 91 S.Ct. 2193, 29 L.Ed.2d 428 (1971); *Gaines v. United States,* 402 U.S. 1006, 91 S.Ct. 2195, 29 L.Ed.2d 428 (1971). Judge Oakes argued that the same "constitutional principle underpinning that exception is equally applicable" to a prisoner who was prevented from beginning to serve his federal sentence solely because of a sixth amendment violation. *See Pinaud v. James,* 851 F.2d at 32 (Oakes, J., dissenting). Finally, the dissent remarked that this interpretation of

§ 3568 is consistent with the current policy, embodied in the successor statute to § 3568, of conserving federal penal resources. *Id.* at 33.

The Court finds Judge Oakes' interpretation of § 3568 persuasive. However, even if the Court were to adopt this interpretation, it nevertheless would be powerless to grant the requested relief.

The Eleventh Circuit has recently addressed the dual sovereignty issues raised by conflicting state and federal sentences. In *Hawley v. United States,* 898 F.2d 1513 (11th Cir.1990), the district court sentenced the defendant to a prison term to be served consecutively to a sentence that he was then serving pursuant to a conviction in a Georgia court. In accordance with a plea agreement entered into by the defendant, the state court had apparently intended that its sentence run concurrently with the sentence to be imposed in the federal case. The defendant argued that the district court's sentence was unlawful because it denied the state of Georgia the right to impose a concurrent sentence. The Court of Appeals affirmed the sentence and held that "a defendant may not, by agreement with state authorities, compel the federal government to impose a sentence that is concurrent with an existing state sentence." *Id.* at 1514.[10]

Here, the plea agreement envisioned that his state sentence was to run concurrently with the remainder of a sentence which had already been imposed by a federal court. Therefore, unlike in *Hawley* and *Pinaud,*

---

1964) ("This statutory command [§ 3568] is absolute."), *cert. denied,* 380 U.S. 980, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965).

**9.** In *Davis,* the court rejected the argument that a prisoner serving time under an invalid sentence can earn credit against a future unrelated sentence for a crime not yet perpetrated. Here, unlike in *Davis,* the acts giving rise to the federal parole revocation had already been committed at the time the state sentence was handed down. Accordingly, *Davis* is inapplicable in this case. As for *Scott v. United States,* the dissent points out that the defendant was serving a *valid* state sentence that remained unaffected by the unlawful state sentence for which he sought credit. *See Pinaud v. James,* 851 F.2d at 33 (Oakes, J., dissenting).

**10.** In *Shabazz v. Carroll,* 814 F.2d 1321 (9th Cir.1987), the petitioner received a state sentence that was ordered to run concurrently with a federal sentence. However, the petitioner was not transferred to federal custody, and he therefore sought credit towards his federal sentence for the time spent in state custody. After initially granting the relief requested, *id.* at 1324, the Ninth Circuit, in response to a petition for rehearing, stated that it "lacked jurisdiction to grant such relief," and, without further explanation, it vacated its initial opinion. *Shabazz v. Carroll,* 833 F.2d 149 (9th Cir.1987), *cert. denied,* 487 U.S. 1207, 108 S.Ct. 2851, 101 L.Ed.2d 888 (1988). The petition for rehearing submitted by the government in *Shabazz* is not helpful in determining why the court held that it lacked jurisdiction.

this case does not present a situation where, if relief is granted, the decision of a state judge is being imposed directly upon a federal district judge who wishes to but has yet to impose a federal sentence to be served consecutively to an existing state sentence.

However, such relief would impinge upon the discretion of the federal parole board, to whom authority in these matters has been accorded. Federal law vests the parole commission with the authority to revoke Petitioner's parole and require him to serve the remainder of his federal sentence. *See* 18 U.S.C. § 4210(b)(2) (1982) ("[I]n case of a parolee who has been convicted of a Federal, State, or local crime committed subsequent to his release on parole, and such crime is punishable by a term of imprisonment, ... the Commission shall determine ... where all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense."), *repealed by* Pub.L. 98–473, § 218(a)(5), 98 Stat. 2027 (1984); *see also D'Amato v. United States Parole Commission*, 837 F.2d 72, 79 (2nd Cir.1988) ("18 U.S.C. § 4210(b)(2) plainly authorizes the Commission to decide whether 'all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed' when a parolee has been convicted of a crime punishable by imprisonment.") (quoting *Heath v. United States Parole Comm'n*, 788 F.2d 85, 91 (2nd Cir.), *cert. denied*, 479 U.S. 953, 107 S.Ct. 443, 93 L.Ed.2d 391 (1986)).

In *Saulsbury v. United States*, 591 F.2d 1028, 1034 (5th Cir.), *cert. denied*, 444 U.S. 857, 100 S.Ct. 118, 62 L.Ed.2d 77 (1979), the petitioner pled guilty to a state charge committed while on federal parole. Although the state judge sentenced the petitioner to a term that would run concurrently with his federal sentence, the federal parole commission refused to allow the state term to be served concurrently with the federal parole violation sentence. In denying relief, the Court held as follows:

> The decision of whether a federal parole violator will actually serve a second sentence concurrently with the remainder of the sentence paroled is a matter exclusively within the province of the Parole Commission. The second sentencing judge, state or federal, may not interfere with that discretion. The discretion is essential to the authority of the Parole Commission.
>
> ....
>
> Unless the United States has somehow induced a state guilty plea by making a representation as to concurrency that would fall within the proscriptions of *Santobello*, a parole violator has no right to serve his sentences concurrently and may not protest when the federal government will not take him into custody until his intervening state sentence is served.

*Id.* at 1034–35 (citations omitted); *see also Heath v. United States Parole Comm'n*, 788 F.2d at 91–92 ("[T]he Commission was entitled to order that Heath's unexpired term federal term run consecutively to his state sentence despite any intent on the part of the state court that Heath's state and federal sentences run concurrently. The Commission is not obligated to follow the recommendations of the sentencing court." (citation omitted)); *Harris v. Day*, 649 F.2d 755, 758–60 (10th Cir.1981); *Frick v. Quinlin*, 631 F.2d 37, 39 n. 4 (5th Cir. 1980) ("The commission was not obligated to follow the recommendation of the sentencing judge."); *cf. United States v. Sackinger*, 704 F.2d 29, 31–32 (2nd Cir.1983) (no violation in federal court's failure to impose concurrent sentences despite state plea bargain whereby probation violator was to receive concurrent sentences).

The dual sovereignty principles described in *Hawley* therefore apply with equal force in this case. As there are no allegations that the state plea agreement was induced by the federal government, this Court cannot force the bureau of prisons or the parole commission to adhere to an agreement entered into between Petitioner and state officials. Accordingly, the Court is compelled to DENY the petition for writ of

habeas corpus.[11]

DONE and ORDERED.

---

11. By this decision, the Court does not imply either that it agrees with the decision of the parole commission or that Petitioner is not entitled to relief. *See Pinaud v. James,* 851 F.2d 27, 32 (2nd Cir.1988) ("We do not suggest that Pinaud is entitled to no relief in consequence of having served time in prison on account of a state sentence that was later vacated."). In light of the fact that Petitioner's constitutional rights have been violated, perhaps prompt relief can come by way of an early reconsideration by the parole commission, or from a civil lawsuit instituted against the state and those individuals involved in the formation of the illusory plea bargain. *See generally Meagher v. Dugger,* 861 F.2d 1242, 1246 ("This Court takes a dim view of prosecutors who fail to fulfill the terms of their plea agreements. Placing the burden of objection on the petitioner's shoulders hints at best of the State's carelessness ... and at the worst evinces a disregard on the part of the State bordering on bad faith."). Relief, cannot, however, come from a federal court which is powerless to order that the Commission reverse its decision.