**UNITED STATES of America, Appellee,**

v.

**Demetrick Eugene SMITH, also known as Lee Terry Guido, Appellant.**

**No. 92–1504.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 4, 1992.

Decided Aug. 10, 1992.

Rehearing and Rehearing En Banc Denied Sept. 22, 1992.

244 244

Henry W. Cummings, St. Charles, Mo., argued, for appellant.

Stephen A. Muchnick, Asst. U.S. Atty., St. Louis, Mo., argued (Michael W. Reap, Asst. U.S. Atty., on the brief), for appellee.

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.

PER CURIAM.

Demetrick Eugene Smith appeals the district court's order denying Smith credit on his federal sentence for time served on a state sentence. We affirm.

While on supervised release from an earlier federal sentence, Smith was convicted of a state offense. The state trial court ordered that Smith's sentence of imprisonment run concurrently with Smith's upcoming federal sentence for violating his supervised release. When Smith was later sentenced in federal court, however, the district court was unwilling to credit time Smith served in state prison toward his federal sentence. Thus, the district court ordered that Smith's federal sentence run consecutively to his state sentence. Smith was then taken to state prison to serve his state sentence before serving his federal sentence. Smith is now in federal custody.

■ Smith contends he is entitled to credit on his federal sentence for time served in state prison because the state court ordered that his sentences should run concurrently. We disagree. The federal and state governments are separate sovereigns, and, under the dual sovereignty principle, the state court could not compel the district court to impose a concurrent sentence. *Hawley v. United States*, 898 F.2d 1513, 1514 (11th Cir.1990); *Pinaud v. James*, 851 F.2d 27, 30 (2d Cir.1988). "[E]ven if [Smith's] state sentence ha[d] been imposed with the expectation that it [would] be served concurrently with a yet-to-be imposed federal sentence, the [district] court need not [have made] its sentence concurrent with the state sentence but remain[ed] free to make the federal sentence consecutive." *Pinaud*, 851 F.2d at 30. Simply stated, when federal and state sentences conflict, the district court's sentence does not have to give way to the earlier state court sentence. Although Smith has served his state sentence, the time spent serving the state sentence does not count toward his federal prison term.

We affirm the district court's order.