**David Wayne GIBSON, Petitioner,**

v.

**STATE OF FLORIDA, Respondent.**

No. 92–8268–CIV.

United States District Court,
S.D. Florida.

July 6, 1993.

David W. Gibson, pro se.

Don M. Rogers, West Palm Beach, FL, for respondent.

*ORDER DENYING CERTIFICATE*
*OF PROBABLE CAUSE*

GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon Petitioner's Motion For Certificate of Probable Cause.

## I. Background

On September 6, 1974, petitioner plead guilty to forgery and was sentenced to three years probation. On November 9, 1976 Petitioner was sentenced to three years of imprisonment with the Florida Department of Corrections followed by two years of probation for violating his previous sentence of probation. On December 23, 1988, after completely serving his sentence in Florida, Petitioner was convicted of forgery and theft in Louisiana.[1] On April 18, 1989, as a result of his previous convictions, Petitioner was adjudged a multiple offender and given an enhanced sentence of thirty-two years of imprisonment in the Louisiana Department of Corrections without the benefit of parole, probation, suspension of sentence or diminution of sentence.

On July 13, 1990, Petitioner filed a Motion to Vacate and Set Aside his September 6, 1974 conviction and sentence pursuant to Florida Rules of Criminal Procedure 3.850. The grounds for Petitioner's motion was that his plea of guilty on September 7, 1974 was not entered knowingly and intelligently because the state court did not advise him of his constitutional rights in violation of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). On July 18, 1990, the state trial court denied Petitioner's motion stating several procedural grounds including that the motion was time barred under the provisions of Rule 3.850. On September 26, 1990, the Fourth District Court of Appeals affirmed the state trial court's denial of the Rule 3.850 motion *per curiam* without a written opinion. *Gibson v. State*, 567 So.2d 441 (Fla. 4 DCA 1990).

On May 8, 1992, Petitioner filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 10, 1992,

the Honorable Chief Magistrate Judge Charlene H. Sorrentino issued a Report and Recommendation that Petitioner's writ of habeas corpus be denied on the grounds that Petitioner's federal petition is procedurally barred from review based on the doctrine of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). On December 21, 1992, this Court adopted the Magistrate's Report and Recommendation and denied Petitioner's petition for writ of habeas corpus. On January 8, 1993, Petitioner filed a Notice of Appeal of this Court's December 21, 1992 Final Judgement denying petition for writ of habeas corpus with the Eleventh Circuit Court of Appeals. On that same day, Petitioner filed this motion for certificate of probable cause pursuant to Fed.R.App.P. 22(b).

## II. Discussion

Rule 22(b) requires a District Court to issue a certificate of probable cause before a petitioner may appeal a District Court's denial of a writ of habeas corpus. For the foregoing reasons, this Court declines to issue a certificate of probable cause.

### A. *Procedural Default*

■ Clear authority beginning with *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) prevents Petitioner from pursuing his claim in federal court. The *Wainwright v. Sykes* rule provides that a claim to which the state courts have applied a state procedural bar is likewise barred from federal habeas corpus consideration absent a showing of cause and actual prejudice resulting from the default. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Harmon v. Barton*, 894 F.2d 1268 (11th Cir.1990). *See also Meagher v. Dugger*, 861 F.2d 1242 (11th Cir.1988). Moreover, a state procedural default bars federal court consideration of a writ of habeas corpus when: 1) the last state court rendering a judgment on the issue in question "clearly and expressly states that its judgment rests on a procedural bar," *See Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); or 2) there is a *per*

---

1. Petitioner was apparently convicted of other crimes in Virginia prior to his Louisiana conviction based upon Petitioner's statement that he

was incarcerated in the Virginia Department of Corrections from 1984–1987. *See* Petitioner's Objections to the Report of the Magistrate Judge.

*curiam* affirmance of a clear and unambiguous application of a bar by the trial court. *Harmon v. Barton,* 894 F.2d 1268 (11th Cir. 1990).

■ The Fourth District Court of Appeals' *per curiam* affirmance of the state trial court's denial of Petitioner's Rule 3.850 Motion for failure to file the motion within two years of the final judgment and sentence falls within the *Harmon* rule.[2] Consequently, since the state trial court expressly denied Petitioner's claims upon procedural grounds and the Fourth District Court of Appeals affirmed the result *per curiam,* Petitioner is barred from pursuing his claim in federal court unless he can demonstrate cause and prejudice.

## B. *The "Cause" and "Prejudice" Standard*

Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court has not precisely defined the term "cause." *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). However, the Supreme Court has provided some guidance in *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). In *Murray,* the Supreme Court stated:

> [W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials" made compliance impracticable, would constitute cause under this standard.

*Id.* at 488, 106 S.Ct. at 2645 (citations omitted).

■ Accordingly, under this standard, Petitioner should show some objective external

factor which prevented him from filing his Rule 3.850 motion before January 1, 1987. The only reason given by Petitioner for failure to timely file his Rule 3.850 motion is that he could not have been fairly apprised of the state procedural rule since he was not exposed to the Florida judicial system and its rules since 1984. Having knowledge of state procedural rules is subjective to the Petitioner and is not an external impediment. Furthermore, Petitioner was in the state of Florida and was not incarcerated from September 1974 through November 1976. Therefore, nothing prevented Petitioner from learning of Florida's procedural rule for the two years subsequent to his September 6, 1974 conviction. Consequently, Petitioner has failed to meet the requisite cause and prejudice standard needed before Petitioner may pursue his claim in federal court.

■ Petitioner makes the argument that "fundamental fairness" compels federal review of his claim regardless of the procedural default. Assuming that by "fundamental fairness" Petitioner means that he would suffer prejudice if his claims were barred from federal review, Petitioner has still failed to show cause for not timely filing his Rule 3.850 motion. Since the Supreme Court has rejected the contention that cause need not be shown if actual prejudice is shown, Petitioner must show both cause and prejudice before pursuing his claim in federal court. *Murray v. Carrier,* 477 U.S. at 495, 106 S.Ct. at 2649. In an "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.* at 496, 106 S.Ct. at 2649. However, no such "extraordinary case" exists here.

■ Without reaching the issue of prejudice, this court finds that Petitioner has failed to meet his burden of demonstrating "cause" for his failure to timely file his Rule 3.850 motion.[3] Furthermore, this Court

---

**2.** Pursuant to Florida Rules of Criminal Procedure 3.850, Petitioner actually had until January 1, 1987 to file his post conviction motion. *See Delap v. State,* 513 So.2d 1050 (1987).

**3.** Since "a conclusion of lack of cause moots the inquiry regarding prejudice," this Court need not consider whether Petitioner suffered actual prejudice. *Sullivan v. Wainwright,* 695 F.2d 1306, 1311 n. 8 (11th Cir.1983).

finds that the facts surrounding this case do not constitute the "extraordinary case" as envisioned by the Supreme Court in *Carrier*. Moreover, Petitioner has not shown that the state applies its procedural bar sporadically.[4] Accordingly, this Court declines to issue a writ of probable cause pursuant to Rule 22(b).

**DONE AND ORDERED.**

---

4. Where a state applies its procedural bar sporadically, a federal court may entertain a petition for writ of habeas corpus. *Oliver v. Wainwright*, 795 F.2d 1524 (11th Cir.1986).