57 F.3d 1071
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Durand E. MURRELL, Defendant-Appellant.
 Nos. 94-6191, 94-6212.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1995.
 
 1
 Before: MARTIN and SILER, Circuit Judges, and JOINER, District Judge.*
 
 
 2
 Durand E. Murrell appeals his judgments of conviction and sentence following his guilty plea to armed bank robbery in violation of 18 U.S.C. Secs. 2113(a) and 924(c), as well as his guilty plea to carjacking in violation of 18 U.S.C. Sec. 2119. The district court sentenced Murrell to 152 months of imprisonment (to run consecutive to Murrell's state sentence) and three years of supervised release, imposed a $150 special assessment, and ordered Murrell to pay restitution in the amount of $2,076.11. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in these cases. Fed.R.App.P. 34(a).
 
 
 3
 In this timely appeal, Murrell argues that the district court should have imposed his federal sentence to run concurrent, not consecutive, with a state sentence.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in imposing Murrell's federal sentence consecutively to his state sentence. The court properly considered the methodology set forth in USSG Sec. 5G1.3(c) and its accompanying notes before determining that consecutive sentences were necessary to achieve a reasonable incremental punishment for the federal offenses. See United States v. Coleman, 15 F.3d 610, 611-13 (6th Cir.1994); United States v. Hunter, 993 F.2d 127, 129-30 (6th Cir.1993). Further, the state court could not compel the district court to impose a concurrent sentence, United States v. Smith, 972 F.2d 243, 244 (8th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1326 (1993), and the district court was not bound by the state court's intentions and was free to use its own discretion in applying federal law to determine Murrell's federal sentence. Hawley v. United States, 898 F.2d 1513, 1514 (11th Cir.1990) (per curiam).
 
 
 5
 Accordingly, we affirm the district court's judgments of conviction and sentence.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation