Joseph M. **DORSEY** IV, # 08125–067 Petitioner,

v.

Gary **BOGDEN**, Acting Warden Respondent.

No. CIV.A. PJM–01–2326.

United States District Court, D. Maryland.

Jan. 31, 2002.

Joseph M. Dorsey, IV, Cumberland, MD, pro se.

Stephen M. Schenning, Jennifer Lilore Huesman, Assist. U.S. Atty., U.S. Attorney's Office, Baltimore, MD, for Gary Bogden.

## OPINION

MESSITTE, District Judge.

### I.

Joseph Dorsey, an inmate at the Federal Correctional Institution in Cumberland, Maryland, has petitioned for habeas corpus relief pursuant to 28 U.S.C. § 2241. He challenges the failure of the Bureau of Prisons (BOP) to give him credit against his federal sentence for time he spent in state custody.[1] Dorsey contends he is due credit because the state court that sentenced him ordered his state sentence to run concurrently with the federal sentence that had been imposed upon him prior to imposition of the state sentence. Dorsey maintains that he entered his plea of guilty in state court based on the belief that his state sentence would run concurrently with his federal sentence. Gary Bogden, Acting Warden at Cumberland, has filed a response to the habeas petition, to which Dorsey has not replied. The Court will DENY the Petition.

### II.

On May 24, 1995, Dorsey was arrested in Maryland on state charges pertaining to the robbery of a bank in Pennsylvania. Two days later, on May 26, he was extradited to Pennsylvania and taken into custody there. On August 16, 1995, while the Pennsylvania state charges were pending, Dorsey was removed to federal custody, namely to the U.S. District Court for the Middle District of Pennsylvania, to answer an indictment on four federal charges of bank robbery. On January 23, 1996, after pleading to the federal charges, Dorsey was sentenced by the federal court to a total term of 144 months. He was thereupon returned to state custody in Pennsylvania and a federal detainer was lodged against him.

On January 26, 1996, Dorsey pleaded guilty in Pennsylvania state court to theft and received a six-to-twelve-month sentence to run concurrently with his federal sentence.[2]

On November 8, 1996, Dorsey was paroled from his Pennsylvania state sentence and, on account of the federal detainer, placed in the custody of the U.S. Marshal. At that time he received credit against his federal sentence for the time between May 24, 1995 and January 25, 1996, time not credited against any other sentence.[3] He received no credit against his federal sentence for the period January 26, 1996 through November 7, 1996, following his sentence for the state offense and while he was back in the physical custody of the state.[4]

On May 27, 1997, on motion of the Government, the United States District Court

---

1. Specifically, Dorsey seeks credit for the period January 26, 1996 to November 7, 1996.

2. In May of 1996, while serving this sentence, Dorsey was removed to the State of Maryland to face criminal charges in Baltimore County. Following a plea to the two state robbery charges in Maryland, Dorsey was sentenced by Maryland state court to a twelve-year term of imprisonment, also to run concurrently with his federal sentence. Maryland then remanded Dorsey to the State of Pennsylvania to complete his state sentence there.

3. Although in the physical custody of the Commonwealth of Pennsylvania from May 25, 1995 to August 16, 1995, Dorsey received no credit for that time against his state sentence. However, Dorsey did receive credit for that time against his federal sentence, in addition to the time he was in the physical custody of the federal authorities prior to pleading to the federal charges, i.e., between August 16, 1995 and January 25, 1996.

4. However, Dorsey received credit against his Pennsylvania state sentence for that period.

for the Middle District of Pennsylvania reduced Dorsey's federal sentence from 144 months to 120 months. In all other respects, the federal judge ordered that his original judgment and sentence would remain unchanged, *i.e.*, both the old and new Judgment and Commitment Orders were silent as to whether Dorsey's federal sentence should run concurrently or consecutive to any state sentences. Immediately thereafter, however, Dorsey took the position that he was entitled to have the federal sentence run concurrently with his state sentence.

When his administrative request was denied, Dorsey appealed all the way through to the Administrator of National Inmate Appeals in the Central Office. At every administrative level, his appeal was denied. This suit followed.

### III.

Section 3585 of 18 U.S.C. governs the calculation of credit for time served against a federal sentence.[5] It provides:

(a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

The Attorney General, through the BOP, is responsible for implementing this provision. *United States v. Wilson*, 503 U.S. 329, 331, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).

This statute establishes the federal standard; it may not be undercut by state authorities, judicially or otherwise. In other words, state courts, in imposing state sentences, are not authorized to grant an individual credit against his federal sentence, only against their own state sentence.

This result is compelled by the principle of dual sovereignty. As the U.S. Court of Appeals noted in *United States v. Sackinger*, 704 F.2d 29, 32 (2d Cir.1983), "under the dual sovereignty principle [a defendant] could not, by agreement with the state authorities, compel the federal government to grant a concurrent sentence." Where federal officials are not parties to the state plea bargain and/or sentencing determination, courts "reject any implication that the federal court is obligated to comply with the terms of the plea agreement entered into between the defendant and state authorities." *Id.; see also Saulsbury v. United States*, 591 F.2d 1028, 1035 (5th Cir.1979) ("Unless the United States has somehow induced a state guilty plea by making a representation as to concurrency ..., a [defendant] has no right to serve his sentences concurrently and may not protest when the federal government will not take him into custody until his intervening state sentence is served."); *Hawley v. United States*, 898 F.2d 1513, 1514 (11th Cir.1990) (finding that in the absence of federal involvement in a state plea bargain, federal courts are "not bound by the state court's intentions

---

5. Section 3585 of 18 U.S.C. supersedes 18 U.S.C. § 3568, which was repealed.

and [are] free to use [their] own discretion in applying federal law to determine the conditions of the [defendant's] federal sentence").

That said, § 3585 still allows for credit against the federal sentence for the time served in state custody under certain circumstances. As § 3585(b)(2) provides, a defendant gets credit for any time spent in prior official detention as a result of any other charge for which the defendant was arrested after the commission of the federal offense "that has not been credited against another sentence." Prior "official detention" may refer to either state or other federal detention. *Id.*

In the present case, although Dorsey was in the physical custody of the Commonwealth of Pennsylvania from May 24, 1995 to August 16, 1995, he received credit for that time against his federal sentence, as well as credit for the period August 16, 1995 to January 25, 1996 while in physical custody of the federal authorities. Credit was given because, consistent with § 3585(b)(2), Dorsey was arrested on the Pennsylvania state charges after the commission of the federal offenses for which he was being sentenced [6] and Pennsylvania gave him no credit for the time he was in state custody prior to pleading to the state charges.

On the other hand, Dorsey received credit against his Pennsylvania time between January 26, 1996 and November 7, 1996, after he was sentenced and back in Pennsylvania state custody, prior to being released to the U.S. Marshal to begin his federal sentence. Having received credit for that time against his state sentence, Dorsey was no longer eligible under § 3585 to also receive credit against his federal sentence. For reasons of dual sovereignty, as indicated above, the Pennsylvania state court could not make the federal sentence run concurrently with its sentence.

The Court concludes that the BOP properly followed § 3585 in calculating the credit due Dorsey. His Petition for Habeas Corpus Relief will accordingly be DENIED.

A separate Order accompanies this Opinion.

### *ORDER*

In accordance with the foregoing Memorandum, IT IS this 31st day of January, 2002 by this Court hereby ORDERED:

1. That the instant application for habeas relief filed under 28 U.S.C. § 2241 **IS DENIED AND DISMISSED** with prejudice and without a hearing;

2. That the Clerk of Court **CLOSE** this case; and

3. That the Clerk of Court **MAIL** a copy of this Order, together with the foregoing Memorandum, to **Petitioner and Counsel of Record.**

---

6. The record indicates that the federal offenses for which Dorsey was being sentenced occurred in 1993 and in March 1995.