**Eddie David COX, Plaintiff-Appellant,**

v.

**UNITED STATES of America ex rel. R. L. ARRON, Warden, U. S. Penitentiary, Marion, Illinois, Defendant-Appellee.**

**No. 76–1583.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 10, 1976.

Decided March 31, 1977.

Robert W. Lewis, Benton, Ill., for plaintiff-appellant.

Henry A. Schwarz, U.S. Atty. and Timothy J. Gifford, Asst. U.S. Atty., East St. Louis, Ill., for defendant-appellee.

Before CASTLE, Senior Circuit Judge, and TONE and WOOD, Circuit Judges.

CASTLE, Senior Circuit Judge.

Plaintiff Eddie David Cox, a prisoner at the United States Penitentiary at Marion, Illinois, seeks credit against his federal sentence for time served on a state conviction. His claim is based on the fact that his imprisonment on the federal sentence was interrupted to permit him to complete a state sentence which was reinstated after his collateral attack on the state conviction failed. He raises three arguments in support of his claim: first, that interruption of his federal sentence was prohibited by 18 U.S.C. § 3568; second, that the interrupted

sentence constitutes punishment by installments as prohibited by common law; and third, that the Attorney General was without authority to release plaintiff from federal custody for the purpose of completing his state sentence. The district court denied plaintiff's petition for a writ of mandamus ordering the warden at Marion to grant the claimed credit. We affirm.

Cox was serving a five-year sentence on a Kansas conviction of felonious possession of a handgun when he was released on bond on February 26, 1970, pending the outcome of a collateral attack on the conviction. On May 9, 1970, he was arrested by federal authorities and charged with bank robbery in violation of 18 U.S.C. § 2113. Plaintiff was convicted on the federal charge and sentenced by the trial judge to 20 years imprisonment "to be served consecutive to any other sentence." He was transported to the United States Penitentiary at Leavenworth, Kansas, on October 19, 1970, to begin serving the federal sentence. His collateral attack on the state conviction was denied, and he was returned to state custody on November 20, 1970, to serve the remainder of his state sentence. After completion of the state sentence, he was transported on September 1, 1972, to the penitentiary at Marion to serve the remainder of his federal sentence. Plaintiff seeks a holding that the running of time on his federal sentence was not interrupted by his transfer to Kansas authorities for completion of his state sentence.

 First, plaintiff asserts that interruption of his federal sentence is prohibited by 18 U.S.C. § 3568. We disagree. Section 3568 states:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.
. . .

If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

No sentence shall prescribe any other method of computing the term.

After a review of the legislative history of section 3568, the District of Columbia Circuit in *United States v. Liddy*, 166 U.S.App. D.C. 289, 510 F.2d 669, 674 (1974), *cert. denied*, 420 U.S. 980, 95 S.Ct. 1408, 43 L.Ed.2d 661 (1975), concluded that the section is designed primarily to establish a firm date for commencement of a sentence and not to impose a rigid method of sentence calculation. In *Liddy*, the court of appeals upheld the district court's interruption of the appellant's federal sentence to permit incarceration for civil contempt after the appellant refused to testify under immunity before a grand jury. We concur in the court's conclusion that section 3568 does not require uninterrupted running of a federal sentence after it has begun. *See also Anglin v. Johnston*, 504 F.2d 1165 (7th Cir. 1974), *cert. denied*, 420 U.S. 962, 95 S.Ct. 1353, 43 L.Ed.2d 440 (1975). Moreover, even if we were to conclude that section 3568 does have some force in that respect, we would not hold that it prohibits interruption under the circumstances of this case. The running of plaintiff's federal sentence was interrupted to effectuate the trial judge's order that the federal sentence be "consecutive to any other sentence." We have recognized that section 3568 did not abolish or change the inherent power of the trial court to impose consecutive sentences. *McKee v. United States*, 289 F.2d 557 (7th Cir. 1961). To hold that section 3568 prohibited release of plaintiff after his federal sentence had begun would permit the section to frustrate the trial judge's power to impose a consecutive sentence under the circumstances of this case.

 Second, plaintiff asserts that interruption of his federal sentence violates

the common law rule prohibiting imprisonment by installments. *See, e. g., White v. Pearlman*, 42 F.2d 788 (10th Cir. 1930). The rule prohibits postponement, by temporary release of a prisoner, of the date the prisoner may expect to be free finally to reestablish himself as a member of society. Insofar as interruption of plaintiff's federal sentence postponed the date on which he would ultimately complete his imprisonment, it was entirely consistent with the consecutive nature of the sentence imposed. Thus, plaintiff was no more deprived of his ultimate expectation of freedom by interruption of his federal sentence than if he had been turned over to the Kansas authorities immediately after sentence was imposed to complete the service of his state sentence. The fact that plaintiff's state sentence had been suspended pending the outcome of his collateral attack may not serve to defeat the federal trial judge's power to impose a consecutive sentence. We therefore hold that plaintiff's interrupted federal sentence did not constitute punishment by installments in violation of the common law rule.

Finally, plaintiff asserts that the Attorney General lacked authority to release plaintiff from federal custody for the purpose of completing his state sentence. Under 18 U.S.C. § 4085, the Attorney General is granted express statutory authority to transfer a federal prisoner convicted of a felony in state court to that state's penal institutions. As we have already noted, release of the plaintiff to Kansas authorities was necessary to effectuate the trial judge's order that the federal sentence be consecutive to any other sentence. We believe a release for that purpose was proper under section 4085. The cases relied on by the plaintiff involve either failure by the ministerial officer charged with custody of the prisoner to carry out the sentence of the court as directed, *Smith v. Swope*, 91 F.2d 260 (9th Cir. 1937), *In re Jennings*, 118 F. 479 (E.D.Mo.1902), or a waiver of jurisdiction by unconditional release of the prisoner prior to completion of his sentence, *Shields v. Beto*, 370 F.2d 1003 (5th Cir. 1967), *Lanier v. Williams*, 361 F. Supp. 944 (E.D.N.C.

1973). Neither disobedience nor an unconditional release is involved in the instant case. We believe the Attorney General acted well within the scope of his authority in releasing plaintiff to the Kansas authorities and in reassuming custody of the plaintiff after completion of his state sentence.

For the reasons stated above, the order of the district court is affirmed.

AFFIRMED.