**Eddie David COX, Appellant,**

v.

**FEDERAL BUREAU OF PRISONS and United States of America, Appellees.**

**No. 80–1940.**

United States Court of Appeals, Eighth Circuit.

Submitted March 5, 1981.

Decided March 11, 1981.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

The appellant, Eddie David Cox, appeals from an order of the United States District Court for the Western District of Missouri denying his petition for writ of mandamus and writ of habeas corpus. We affirm the order of the district court.

I

On May 2, 1969, Cox was convicted in a Kansas state court of felonious possession of a handgun and sentenced to five years imprisonment. He served ten months of this sentence in the Kansas State Penitentiary before being released on bond in March, 1970, pending resolution of a collateral attack on his state conviction.[1] While free on appeal bond, Cox was arrested and charged with federal bank robbery. On August 21, 1970, Cox was convicted of bank robbery in the United States District Court for the District of Kansas. He was sentenced to a twenty-year term of imprisonment, to be served consecutive with any other previous sentences imposed upon him; he was transferred to the Federal Penitentiary at Leavenworth, Kansas, on that same day. On February 22, 1971, Cox received a fifteen-year consecutive sentence for violation of federal narcotics laws in the United States District Court for the Western District of Missouri. The Bureau of Prisons aggregated Cox's sentences to thirty-five years pursuant to 18 U.S.C. § 4161.

After Cox had begun serving his federal sentences, his state collateral attack on the Kansas handgun conviction proved unsuccessful on appeal. As a result, Cox was returned to state custody on November 20, 1970, to serve the remainder of his state sentence. Cox remained in state prison until September 1, 1972, when he was paroled from his state sentence and transferred to federal custody at the Federal Penitentiary

Eddie David Cox, pro se.

Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellees.

1. Cox obtained state post-conviction relief in a Kansas trial court and was released pending appeal. The state conviction was ultimately reinstated and Cox was returned to state custody.

at Marion, Illinois. Since his state parole, Cox has remained in federal custody. Cox's legal claims in this appeal are based entirely on the fact that he has never received any credit toward his federal sentence for the time he served in state custody.[2]

On February 13, 1980, Cox received an initial parole determination hearing at the Marion Penitentiary. The United States Parole Commission notified Cox on March 5, 1980, that he would be paroled after service of 102 months, or August 13, 1980. A week later, however, the Bureau of Prisons advised the Parole Commission that a computation error had been made, and that Cox's correct parole eligibility date was February 16, 1982. His parole eligibility date was recomputed due to a determination that Cox was not entitled to federal credit for time served in state custody. On March 31, 1980, the Parole Commission notified Cox of its determination. Thereafter, Cox filed this action in the district court. He alleged that the Bureau of Prisons' recomputation of his parole eligibility date violated due process and that the doctrine of laches barred that recomputation.

On July 31, 1980, the district court ruled that 28 U.S.C. § 2255 was not a proper mechanism through which Cox could assert his claims. Moreover, it dismissed Cox's 28 U.S.C. § 2241 claims for lack of subject matter jurisdiction and denied Cox's peti-

tion for a writ of mandamus on the merits. In response to Cox's objections, the district court filed a second order on September 11, 1980, which conceded that it arguably had jurisdiction over Cox's § 2241 claims because the Bureau of Prisons' Regional Director, located in Kansas City, might be considered Cox's "custodian;"[3] but, nevertheless, rejected Cox's § 2241 claims on their merit for the same reasons it previously rejected Cox's mandamus claims. Cox appealed.

## II

■ Cox essentially asserts three arguments in support of his claim for credit. First, Cox contends that *Cox v. United States*, 551 F.2d 1096 (7th Cir. 1977), does not affect this case because that decision did not recognize that he was released to state authorities "for the sole purpose of a bond revocation hearing." Furthermore, he reasons that the United States Marshals were derelict in their duties in leaving Cox in state custody because the intent of the federal sentencing judge was that Cox's state sentence should be served upon completion of the federal bank robbery sentence. Neither contention is supported by the record. The record clearly reveals that Cox's bank robbery sentence was expressly ordered *consecutive* to any previous sentence imposed upon him.[4] Indeed, the Seventh Circuit previously upheld the interrup-

---

2. The Seventh Circuit previously considered and rejected Cox's claim that he should receive credit on his federal sentence for the time he served on his state conviction. *Cox v. United States*, 551 F.2d 1096 (7th Cir. 1977). The Seventh Circuit characterized Cox's petition there as a writ of mandamus seeking to compel Marion's warden to grant the claimed credit. *Id.* at 1098. Specifically, the court rejected Cox's argument that: (1) interruption of his federal sentence was prohibited by 18 U.S.C. § 3568; (2) the interrupted sentence was punishment by installments prohibited by common law; and (3) the Attorney General was without authority to release him from federal custody for the purpose of completing his state sentence. *Id.* at 1097–1099.

   Although Cox sought federal credit for state time served in an earlier case, that 1977 case concerned completely different legal questions. Accordingly, his present claims are not barred by the doctrine of *res judicata*.

3. Our independent examination of the jurisdictional issue satisfies us that the district court had jurisdiction to entertain Cox's claims under 28 U.S.C. § 2241. *See Rheuark v. Wade*, 608 F.2d 304, 305 (8th Cir. 1979) (per curiam); *Pope v. Sigler*, 542 F.2d 460, 461 (8th Cir. 1976) (per curiam); *McCoy v. United States Board of Parole*, 537 F.2d 962, 964–966 (8th Cir. 1976).

4. Cox argues that at the time he was sentenced for his federal bank robbery conviction, he "had no other conviction in that the state conviction had been set aside [through his collateral attack in state court] and appellant was [free] on appeal bond."

   This contention misses the mark because the consecutive nature of the federal sentence did not change simply because Cox obtained temporary state post-conviction relief on his Kansas handgun conviction.

tion of Cox's federal sentence because it effectuated the sentencing court's order that the federal sentence be "consecutive to any other sentence." *Cox v. United States, supra,* 551 F.2d at 1098–1099. In our view, the temporary interruption of Cox's federal sentence was entirely proper.

Cox's second major argument is that the practical effect of the Bureau of Prisons' recomputation constitutes an increased punishment violative of the Double Jeopardy Clause. This argument fails because, as noted, the federal bank robbery sentence was ordered consecutive to any other previously imposed sentences; the consecutive sentence imposed on Cox cannot be considered an additional punishment.

Finally, Cox argues that the Bureau of Prisons knew, at least since 1976, when Cox filed his earlier action in the Eastern District of Illinois, that Cox expected credit for his state time served. Cox concludes that the Bureau of Prisons inexcusably delayed recomputing his parole eligibility date, and that the doctrine of laches precludes its application here. In our view, the laches doctrine does not aid Cox. On March 5, 1980, the Parole Commission notified Cox that his parole eligibility date would be August 13, 1980. A week later, the Bureau of Prisons advised the Parole Commission that Cox's parole eligibility should be February 16, 1982. The Parole Commission issued a corrected notice of action to that effect soon thereafter. The computation error was discovered and corrected quickly. The error was unfortunate but harmless. The Bureau of Prisons' prompt action, how-* ever, clearly prevents application of the laches doctrine here.

Essentially, Cox fails to understand that his federal sentence was ordered consecutive to any previous sentence imposed upon him. Therefore, it was proper to temporarily release Cox from federal custody to state custody on November 20, 1970, so he could complete his state sentence on the handgun conviction. Cox was not entitled to federal credit for his state time because his federal sentence was not imposed concurrently to his Kansas sentence.

The order of the district court is affirmed.