877 F.2d 62
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Burdis Donald SANDERS, Petitioner-Appellant,
v.
Patrick KEOHANE, Warden, Respondent-Appellee.
 No. 88-6324.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1989.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Burdis Donald Sanders, a pro se federal prisoner, appeals the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241. Mr. Sanders was sentenced to fifteen years plus fifteen years special parole pursuant to his guilty plea to possession with intent to distribute narcotics. After the commencement of this sentence, he was transferred to Tennessee custody to complete service of a thirty year robbery sentence from which he had escaped. After his parole on that sentence, he was returned to federal custody to resume serving his federal sentence. In his petition, he argued that his federal sentence was wrongfully interrupted after it commenced, resulting in an enhancement of his penalty. He sought release or credit towards his federal sentence for the time spent in state custody.
 
 
 3
 Upon consideration, we conclude that his petition was properly dismissed. There is no requirement that a sentence run without interruption following its commencement. See Cox v. Federal Bureau of Prisons, 643 F.2d 534, 537 (8th Cir.1981) (per curiam). Petitioner's sentence was not retroactively enhanced, as multiple terms of imprisonment imposed at different times run consecutively unless the court orders that they run concurrently. See Greathouse v. United States, 548 F.2d 225, 228 n. 7 (8th Cir.), cert. denied, 434 U.S. 838 (1977). As these sentences were consecutive, petitioner may not receive credit towards his federal sentence for time spent in state custody.
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.