108 F.3d 1380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kirk W. SMYTH, Petitioner-Appellant,
v.
Michael COOKSEY, Respondent-Appelleek.
 No. 95-1111.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 19, 1996.*
Decided March 10, 1997.
 
 Before BAUER, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Kirk Smyth, who is currently serving time in federal prison, appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the arrangements by which he was transferred between federal and state prison. The challenged actions took place as follows. Smyth was serving a ten-year federal sentence. He escaped, and while free, committed an armed robbery in California. He was recaptured by federal authorities and turned over to California officials for prosecution on the armed robbery charge. He was convicted in state court for armed robbery and was sentenced to fifteen years imprisonment. The California judge stated that Smyth's sentence was to be served consecutively to his unexpired federal sentence and was to commence upon the completion of the federal sentence. The federal government, however, did not take custody of Smyth at that time. Rather, it allowed Smyth to begin serving his California sentence.
 
 
 2
 During the time that he was serving the California sentence, Smyth pleaded guilty to federal charges for his escape from prison. He was sentenced to five years imprisonment. Upon completion of his state sentence, the federal government took custody of Smyth so that he could serve the remainder of his ten-year sentence and his additional five-year sentence. It is based upon these sentences that Smyth is now in federal custody.
 
 
 3
 Smyth makes several arguments as to why the events that led to his present incarceration were illegal and/or unconstitutional. The arguments that he made in the district court (which he reiterates in this court) are unpersuasive. He raises an additional argument for the first time on appeal. This argument is waived because he failed to raise it in his petition in the district court.
 
 
 4
 Smyth made three arguments in the district court. First, he claimed that he was denied due process of law. However, he does not claim that constitutionally mandated procedures were not followed in the imposition of his sentence. Moreover, Smyth cites no authority that holds that the movement of a prisoner between the facilities of different jurisdictions in which he has been convicted raises due process concerns. Therefore his due process argument fails.
 
 
 5
 Smyth's second claim is that the federal government relinquished jurisdiction over him when it released him to California authorities and allowed the state to retain custody for the duration of his state sentence. This court has previously rejected the argument that the federal government relinquishes jurisdiction over a prisoner when, having custody of the prisoner, it releases him to one of the states to serve a sentence and then retakes custody so that he may serve the remainder of his federal sentence. See Flick v. Blevins, 887 F.2d 778, 780-82 (7th Cir.1989), cert. denied, 495 U.S. 934 (1990); Cox v. United States, 551 F.2d 1096, 1098-99 (7th Cir.1977). Thus, this argument is also unpersuasive.
 
 
 6
 Smyth next claims that the federal government violated the Interstate Agreement on Detainers, 18 U.S.C. App. 2. This provision address the situation in which a prisoner is transferred from custody in one jurisdiction to custody in a second jurisdiction and then returned to the first jurisdiction without proceedings on the charge taking place in the second jurisdiction. When that happens the charges in the second jurisdiction must be dismissed. 18 U.S.C. App. 2, art. IV(e). In the present case, Smyth was not given over to California authorities and then returned to federal custody without proceedings taking place in the state court. Rather, Smyth was convicted in the state court and he served his state sentence prior to his being returned to federal custody. Therefore, the Interstate Agreement on Detainers was not violated.
 
 
 7
 The above discussion shows that the district court properly refused to issue the writ based upon the arguments that Smyth presented in his petition. For the first time on appeal, Smyth raises the additional argument that the federal government violated the now repealed Narcotic Addict Rehabilitation Act, 18 U.S.C. § 4253(a). He did not raise this argument in the district court and therefore it is waived on appeal. Gray v. Lacke, 885 F.2d 399, 409 (7th Cir.1989), cert. denied, 494 U.S. 1029 (1990).
 
 
 8
 AFFIRMED.
 
 
 
 k
 At the time he filed his petition for a writ of habeas corpus and at the time the district court denied the petition, Smyth was an inmate at the United States Penitentiary in Marion, Illinois, where Michael Cooksey was the warden. The record indicates that Smyth is currently incarcerated in federal prison in Florence, Colorado. It appears that he was transferred during the pendency of this appeal although neither party has brought to the attention of this court the reason for or timing of his transfer. Fed.R.App.P. 23(a) prohibits the transfer of a prisoner during the pendency of his habeas corpus proceedings without the approval of the court. There is no record that either this court or the district court approved Smyth's transfer. Therefore, Cooksey remains the proper respondent and we retain jurisdiction over the appeal. Reimnitz v. State's Attorney of Cook County, 761 F.2d 405, 409 (7th Cir.1985)
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)