# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4174

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| John Lee Chappel, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted:  December 24, 1999
Filed:  April 5, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Federal inmate John Lee Chappel, confined in a Federal Correctional Institution in Illinois and serving a 121 month sentence for drug violations imposed by the United States District Court for the Eastern District of Missouri, appeals from that court's[1] judgment denying his "Motion to Clarify the Judgment Order," in which he sought an order addressing his right to pretrial credit against his federal sentence. On appeal,

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

Chappel renews his argument that he should receive pretrial credit for time he spent in custody on an unrelated state charge.

We conclude that the district court did not err in denying Chappel's motion, because he failed to exhaust his administrative remedies by first presenting his claim to the Bureau of Prisons (BOP). See United States v. Iverson, 90 F.3d 1340, 1344 (8th Cir. 1996) (district court does not have authority to credit defendant for pretrial detention if claim is not first presented to BOP); Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993) (federal prisoners seeking jail-time credit must exhaust administrative remedies before seeking habeas corpus relief).

Because the district court dismissed the action without prejudice, however, Chappel will have the right, after exhausting his remedies with the BOP, to file a 28 U.S.C. § 2241 petition in either the district where he is confined, in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office,[2] as the BOP can be considered Chappel's "custodian" for the purpose of calculating his pretrial detention credit. See Braden v. 30th Judicial Circuit Court of KY, 410 U.S. 484, 495-99 (1973) (§ 2241 jurisdiction lies both in district of actual physical confinement and in district where court can serve process on custodian); United States v. Moore, 978 F.2d 1029, 1031 (8th Cir. 1992) (United States Attorney General has delegated authority to BOP to determine pretrial detention credit); Cox v. Federal Bureau of Prisons, 643 F.2d 534, 536 & n.3 (8th Cir. 1981) (per curiam) (finding habeas jurisdiction existed in jurisdiction where BOP's regional director could be located); McCoy v. United States Bd. of Parole, 537 F.2d 962, 964, 965-67 (8th Cir. 1976) (vacating dismissal of habeas petition where office of regional director of U.S. Board of Parole was in court's jurisdiction; holding that jurisdiction

---

[2]The BOP does not maintain a regional office in the Eastern District of Missouri.

under § 2241 "lies not only in the district of actual physical confinement but also in the district where a custodian responsible for the confinement is present").

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.