# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2280

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Bounthavy Sithithongtham, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  April 6, 2001

Filed:  April 12, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

In December 1998, Bounthavy Sithithongtham was sentenced to serve 63 months in federal prison, concurrently with a then-undischarged state sentence. Mr. Sithithongtham later brought this motion to clarify the amount of credit he should receive toward his federal sentence, based on the time he spent in state custody prior to his arrival at a federal prison. The district court[1] entered an order refusing to address

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

the Bureau of Prisons's (BOP's) calculation, and Mr. Sithithongtham appeals. After careful review of the record and the parties' briefs, we affirm.

We view the clarification motion as an attempt by Mr. Sithithongtham to seek habeas corpus relief under 28 U.S.C. § 2241. As such, he filed the motion in the wrong district court and also failed to demonstrate exhaustion of administrative remedies. Accordingly, we affirm the district court, but we modify its order to reflect a dismissal without prejudice so that Mr. Sithithongtham may file a section 2241 petition in the proper court after exhausting his administrative remedies with the BOP. See 28 U.S.C. § 2106 (appellate court may modify order of court under review); United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam) (affirming district court's denial without prejudice of "Motion to Clarify the Judgment Order" in which movant sought district court order addressing his right to pretrial credit against federal sentence; noting that after exhausting his administrative remedies with BOP, inmate would have opportunity to file § 2241 petition in either district where he is confined, in Washington, D.C., or in any district in which BOP maintains regional office).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.