# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2156

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Zeno E. Sims, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 3, 2002
Filed: December 10, 2002

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Zeno E. Sims pleaded guilty to distributing five grams or more of a mixture containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and the District Court[1] sentenced him to 235 months imprisonment--to be served concurrently with any sentence he was to receive for a Missouri conviction on which he had not yet been sentenced--and five years of supervised release. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing for reversal because the District Court erred in sentencing Sims at the top of the

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

guidelines imprisonment range. In a pro se supplemental brief, Sims joins in that argument, but he principally argues that he has now received a thirty-year sentence on his state court conviction and that his state and federal sentences will run concurrently only if he is ordered to serve both sentences in state prison. He thus asks to be transferred to the custody of the Missouri Department of Corrections so that he may be confined in state prison.

We will not review Sims's sentence simply because the District Court selected a sentence at the top of the guidelines range. See 18 U.S.C. § 3742(a) (2000); United States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992) (per curiam). Furthermore, the District Court sufficiently stated on the record its reasons for sentencing Sims as it did. See 18 U.S.C. § 3553(c)(1) (2000).

Sims's pro se argument concerning his place of confinement challenges the execution of his federal sentence, not its validity or legality, and Sims should bring that challenge in a petition under 28 U.S.C. § 2241 (2000) after exhausting his remedies with the Bureau of Prisons. See 18 U.S.C. § 3621(b) (2000) (stating that Bureau of Prisons has plenary power to designate place of confinement); United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

Having found no nonfrivolous issues following our independent review of the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we grant counsel's motion to withdraw.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.