# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2821

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Bruce Robert Nelson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 24, 2003

Filed: February 3, 2003

_____

Before BYE, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

Bruce Robert Nelson, an inmate now in the custody of the State of Minnesota, pleaded guilty to a federal charge of conspiring to distribute methamphetamine and marijuana. In January 2002, the federal district court sentenced Nelson to 93 months imprisonment, to run concurrently with his state sentence. Nelson later filed a motion asking the district court to credit his federal sentence for 210 days he spent in federal custody between June 2001 and January. The district court denied the motion, stating Nelson could not receive this credit against his federal sentence because he presumably received the credit towards his state sentence.

On appeal, Nelson contends he was entitled to the jail credit and, in the alternative, he should be allowed to pursue the case "administratively." The government has moved to supplement the appellate record with sentence-computation documents and asserts that Nelson failed to exhaust his administrative remedies with the Bureau of Prison (BOP). We grant the government's motion and, having carefully reviewed the record, affirm the district court.

The district court did not commit error in denying the jail-credit motion, because Nelson tacitly concedes he did not first exhaust his administrative remedies. See United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam). Nevertheless, we modify the district court's order to be without prejudice so Nelson, after exhausting his BOP remedies, has the opportunity to pursue his claim for jail credit. See id. at 1069-70.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.