**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 2, 2006[*]
Decided August 2, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-1529

| | |
|---|---|
| RONDELL C. RAY, <br>     *Petitioner-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division |
|     *v.* | No. 2:05-CV-228-LJM-WTL |
| MARK A. BEZY, <br>     *Respondent-Appellee.* | Larry J. McKinney, <br> *Chief Judge.* |

**O R D E R**

Federal inmate Rondell Ray claims in this action under 28 U.S.C. § 2241 that he is confined unlawfully because, he contends, the Bureau of Prisons lost "jurisdiction" over him and could not regain custody after authorities in Wisconsin, where Ray was serving a state sentence, released him prematurely to the BOP and then took him back several weeks later after realizing their mistake. We affirm the denial of Ray's petition.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Ray was serving a Wisconsin prison term in 1998 when federal authorities in the Eastern District of Wisconsin charged him with a drug offense and took him into custody pursuant to a writ of habeas corpus *ad prosequendum*. Ray pleaded guilty to possession with intent to distribute more than five grams of cocaine base, 21 U.S.C. § 841(a)(1), and in January 1999 he was sentenced to 151 months in prison. Twelve of those months were to be served concurrently with his Wisconsin sentence. Within days of his sentencing Ray was returned to the custody of the State of Wisconsin to resume service of his state sentence.

Almost a year later, on January 12, 2000, the Wisconsin Department of Corrections erroneously released Ray into the custody of the BOP. Several weeks later, after realizing that they had miscalculated the termination date of Ray's state sentence, Wisconsin authorities notified the BOP that his release was premature and requested that he be returned to state custody to complete his state sentence. The BOP complied and returned Ray to state custody on March 6, 2000. Wisconsin credited the entire period from January 12 through March 6 against his state sentence, and eventually paroled him on May 27, 2003. Once again he was turned over to the BOP. Because one year of his federal sentence had run concurrently with the state sentence, Ray had 139 months left to serve on his 151-month sentence as of May 27, 2003. His projected release date falls in June 2013.

Ray filed his § 2241 petition in September 2005. Although he claimed explicitly that the BOP had "relinquished jurisdiction by releasing petitioner to the Wisconsin Department of Corrections," the government and the district court construed Ray's pro se petition as arguing that the BOP was compelled to credit against his federal sentence the time he erroneously spent in BOP custody from January 12 through March 6, 2000. In denying Ray's petition, the district court noted that by statute the BOP is precluded from giving credit for periods of confinement that already have been applied toward another sentence. *See* 18 U.S.C. § 3585(b) (providing that no period of incarceration can be credited against a federal sentence if it already has "been credited against another sentence"); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) (explaining operation of § 3585(b)). Because it is undisputed that Wisconsin gave Ray full credit for the weeks in early 2000 when the state's error resulted in his being housed in a BOP facility, the district court concluded that Ray could not get credit towards his federal sentence for the identical period of incarceration. To the extent that Ray meant to claim entitlement to federal credit for that same period, we agree with the district court's analysis.

However, as we read both his petition and his brief on appeal, Ray principally argues that the BOP lost "jurisdiction" over him for good when it sent him back to Wisconsin authorities in March 2000. That contention is incorrect. As we explained in *Dunne v. Keohane*, 14 F.3d 335, 336 (7th Cir. 1994), there is a common-

law rule that prohibits the BOP from "delay[ing] the expiration of the sentence either by postponing the commencement of the sentence or by releasing the prisoner for a time and then reimprisoning him." But this does not mean that the BOP cannot temporarily relinquish custody to state authorities, and the prisoner cannot complain unless the shuttling between jurisdictions "resulted in postponing the date at which the prisoner's last sentence would expire." *Dunne*, 14 F.3d at 337; *see Cox v. United States*, 551 F.2d 1096, 1098-99 (7th Cir. 1977).

And that did not happen in Ray's case. A federal sentence that is run partially concurrent with an unexpired state sentence effectively will not commence until the state sentence has concluded, though credit will be given against the federal term for the concurrent period. *See* 18 U.S.C. § 3585(a), (b); U.S. Dep't of Justice, BOP Program Statement No. 5880.28(3)(e)(1997) (providing that, if a district court orders a federal sentence to run "concurrently with, the non-federal . . . undischarged term of imprisonment, the prisoner shall be returned to the non-federal jurisdiction until the prisoner is released (completes the undischarged term of imprisonment) from the non-federal term"); *Binford v. United States*, 436 F.3d 1252, 1254-56 (10th Cir. 2006) (explaining that federal sentence commenced only when petitioner had completed his state sentence and "was finally received into federal custody for the purpose of serving his federal sentence"; federal sentence had not commenced when, after conclusion of federal prosecution, petitioner spent several weeks in BOP facility due to mistake of marshals service in delivering him there instead of returning him to state on expired writ of habeas corpus *ad prosequendum*). When Ray was delivered by mistake to the BOP in January 2000, his Wisconsin sentence had not yet expired, and so neither did his federal sentence finally commence. Ray, as a state prisoner, in effect spent several weeks in a BOP facility as a "guest" of the federal government, *see* 18 U.S.C. § 5003; 28 C.F.R. § 0.95(g); *Howe v. Smith*, 452 U.S. 473, 482 (1981), but the state's mistake did not delay the end of Ray's federal sentence, and thus he has no claim under § 2241. *See Dunne*, 14 F.3d at 337.

AFFIRMED.