# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3415

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| DeAndre Thompson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 3, 2008
Filed: October 16, 2008

_____

Before RILEY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After DeAndre Thompson (Thompson) received a 70-month prison sentence for possessing a stolen firearm, he filed a pro se motion for a sentence reduction in the district court, claiming that, under the Sentencing Guidelines, he should have received credit against his federal sentence for time spent in state custody. The district court denied the motion on the merits. Thompson then moved for reconsideration, which the district court denied, and he now appeals the district court's orders.

We construe Thompson's initial motion as a 28 U.S.C. § 2241 petition because Thompson sought to have time spent in custody credited against his current federal sentence. Cf. Otey v. Hopkins, 5 F.3d 1125, 1130 (8th Cir. 1993) (explaining the

central focus of a writ of habeas corpus is to provide a remedy for prisoners challenging the fact or duration of confinement and seeking immediate or speedier release). While the district court properly denied relief, it should not have reached the merits because Thompson failed to demonstrate he had presented his claim to the Bureau of Prisons (BOP) before seeking habeas corpus relief. See United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam) (concluding the district court did not err in denying a federal prisoner's motion seeking pretrial credit against his sentence because the prisoner had not exhausted his administrative remedies); United States v. Iversen, 90 F.3d 1340, 1344 (8th Cir. 1996) (deciding the district court lacks authority to credit a defendant for previous detention if the claim is not first presented to the BOP); Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993) (declaring federal prisoners who desire credit against a sentence must exhaust their administrative remedies before seeking habeas corpus relief).

Therefore, we vacate the district court's orders and remand with instructions to dismiss the action without prejudice so Thompson can exhaust his remedies with the BOP before filing a new section 2241 petition in the appropriate judicial district. See Chappel, 208 F.3d at 1069-70 (ruling that, because the district court dismissed the action without prejudice, the prisoner had the right, after exhausting his remedies with the BOP, to file a § 2241 petition in either the district where he is confined, in district court for the District of Columbia, or in any district in which the BOP maintains a regional office).

_____