# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2184

_____

James W. Mathena,                              *
                                               *
            Appellant,                         *
                                               *   Appeal from the United States
      v.                                       *   District Court for the
                                               *   Eastern District of Missouri.
United States of America,                      *
                                               *
            Appellee.                          *

_____

Submitted: April 15, 2009
Filed: August 24, 2009

_____

Before LOKEN, Chief Judge, COLLOTON, Circuit Judge, and ROSENBAUM,[1]
     District Judge.

_____

COLLOTON, Circuit Judge.

      James W. Mathena petitioned for a writ of habeas corpus in the district court
pursuant to 28 U.S.C. § 2241, challenging the execution of his federal sentence. The
district court dismissed the petition as barred by a one-year statute of limitations, and
Mathena appeals. Reviewing the dismissal *de novo*, we reverse and remand for the
district court to dismiss the petition without prejudice, because Mathena's petition was
timely, but he failed to exhaust his administrative remedies.

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the
District of Minnesota, sitting by designation.

In June 2003, Mathena was arrested by Missouri law enforcement officers and charged with possession and distribution of various controlled substances. [App. 49]. While in state custody pending trial on these charges, he was charged with assaulting another inmate. In December 2003, while still in state custody, a federal grand jury indicted him for possession of a firearm as a previously convicted felon, and he was transferred into federal custody pursuant to a writ of habeas corpus *ad prosequendum*. He eventually pled guilty to the federal firearms charge, and on May 24, 2004, the district court sentenced Mathena to 195 months' imprisonment. Mathena did not appeal his conviction or sentence.

Mathena was committed to the custody of the Bureau of Prisons ("BOP"), and on June 24, 2004, he was delivered to the United States Penitentiary in Leavenworth, Kansas. The record does not indicate how long Mathena was in the federal penitentiary or the formal process by which he was returned to state custody, but on April 11, 2005, Mathena pled guilty in Missouri state court to second-degree assault and was sentenced to ten years' imprisonment. According to the state court judgment, this sentence was to be served concurrent with Mathena's "Federal sentence currently serving." Mathena did not appeal this judgment. Following the imposition of his state sentence, Mathena remained in state custody to serve out his state sentence. Sometime after October 23, 2006, he received a copy of the federal detainer against him, which stated that upon his release from state custody, he would serve his federal sentence of "195 MONTHS CONSEC."[2]

On December 1, 2006, while still in state custody, Mathena filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district court. In his

---

[2]In his *pro se* filings in the district court, Mathena asserted these basic facts, although he did not state the exact date when he received the detainer. Mathena moved to supplement the record on appeal, submitting a copy of the state court judgment from April 11, 2005, and the federal detainer dated October 23, 2006. The government does not object, and we grant Mathena's motion.

petition, Mathena asked the court to withdraw the federal detainer or to order that his federal sentence run concurrent with his state sentence. He argued that allowing his federal sentence to run consecutive to his state sentence would be inconsistent with the sentences imposed by the state and federal courts, and would violate the Double Jeopardy Clause and 18 U.S.C. § 3585.

The district court dismissed Mathena's petition as untimely on the ground that it was not filed within a one-year statute of limitations. *See Mathena v. United States*, No. 06-CV-178, 2008 WL 474324 (E.D. Mo. Feb. 14, 2008). Reasoning that Mathena "became aware of the facts underlying his claim" on April 11, 2005, the date on which his state court judgment was imposed, the court determined that Mathena had until April 11, 2006, to file a petition, and that his filing on December 1, 2006, was untimely. *Id.* at *1 & n.2. Mathena subsequently completed his state sentence and was returned to BOP custody to serve his federal sentence.

On appeal, the parties assume that the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) applies to a habeas petition under § 2241 filed by a prisoner in state custody challenging the execution of a federal sentence. We are not sure that this assumption is correct. *Cf. Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) (stating that "there is no statute of limitations applicable to a federal prisoner's filing a section 2241 habeas petition"); *Dulworth v. Evans*, 442 F.3d 1265, 1267-68 (10th Cir. 2006) (holding that § 2244(d) applies to a state prisoner's habeas petition under § 2241 challenging execution of his state sentence). We need not decide this point, however, because even if § 2244(d) applies, it does not bar Mathena's petition.

Section 2244(d)(1) establishes a one-year statute of limitations for filing a petition for writ of habeas corpus "by a person in custody pursuant to the judgment of a State court." The one-year period begins running, as relevant here, on the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," or "the date on which the

factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A), (D). The factual predicate of a claim "could have been discovered" when a petitioner knows or should have known through due diligence "the vital facts underlying" the claim. *Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009) (internal quotation omitted).

Mathena did not appeal either the federal judgment of May 24, 2004, or the state judgment of April 11, 2005. The judgments thus became final after ten days, *see* Fed. R. App. P. 4(b)(1); Mo. Sup. Ct. R. 30.01(d), and Mathena's habeas petition filed on December 1, 2006, was not filed within a year of either judgment becoming final. As the government now acknowledges, however, Mathena could not have discovered the factual predicate of his claim until he received the federal detainer sometime after October 23, 2006. His federal sentence was silent as to whether it was to be served concurrent or consecutive to the then-pending state charges. The state judgment stated that his state sentence was imposed concurrent to his federal sentence. Under these circumstances, Mathena had no reason to suspect that the BOP would calculate his federal sentence consecutive to his state sentence until he received the federal detainer. The district court did not explain its contrary conclusion that Mathena "became aware of the facts underlying his claim" at the time the state judgment was final, *Mathena*, 2008 WL 474324, at *1 n.2, and we see no basis for such a conclusion. Therefore, assuming § 2244(d)(1) applies, Mathena was required to file his petition within one year of October 23, 2006, and his petition filed on December 1, 2006, was timely.

Nevertheless, Mathena's petition must be dismissed because he failed to exhaust his administrative remedies within the Bureau of Prisons. A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP. *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam); *Rogers v. United States*, 180 F.3d 349, 357 (1st Cir. 1999). Under BOP procedures, Mathena can raise a claim that his federal and state sentences

should run concurrently by requesting a *nunc pro tunc* designation of the Missouri institution where he served his state sentence as the place to serve his federal sentence. *See* BOP Program Statement 5160.05, at ¶ (9)(b)(4) (2003); *Fegans v. United States*, 506 F.3d 1101, 1104-05 (8th Cir. 2007). If the BOP were to deny Mathena's request, he could then seek review of the BOP's decision by filing a petition for writ of habeas corpus under § 2241 in the appropriate district court. *See Fegans*, 506 F.3d at 1103 & n.1; *Chappel*, 208 F.3d at 1069-70.[3] Mathena did not, however, make a *nunc pro tunc* designation request to the BOP before filing his habeas petition. Therefore, Mathena did not exhaust his administrative remedies, and his petition must be dismissed without prejudice. *See Chappel*, 208 F.3d at 1069. Because the district court erroneously dismissed the petition *with* prejudice, we remand for the district court to modify the dismissal.

The judgment of the district court is vacated, and the case is remanded with directions to dismiss Mathena's petition without prejudice.

_____

[3]In this case, Mathena did not file his petition in the district where he is confined or where the BOP has a central or regional office, *see Chappel*, 208 F.3d at 1069, but this defect did not deprive the district court of subject matter jurisdiction, *see Rumsfeld v. Padilla*, 542 U.S. 426, 434 n.7 (2004); *Lee v. United States*, 501 F.2d 494, 500-01 (8th Cir. 1974) (considering appropriate district for § 2241 petition a question of "*in personam* jurisdiction"), and the government waived any objection by not raising the issue. *See Padilla*, 542 U.S. at 452 (Kennedy, J., concurring); *cf. Yeldell v. Tutt*, 913 F.2d 533, 538-39 (8th Cir. 1990) (holding that defendants waived argument that court lacked personal jurisdiction).