**ALD-174**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1334
_____

WILLIE L. GOODMAN,
                                                       Appellant

v.

JEFF GRONDOLSKY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-5371)
District Judge:  Honorable Robert B. Kugler

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 28, 2011
Before:  SCIRICA, HARDIMAN AND VANASKIE, Circuit Judges

(Opinion filed: May 17, 2011)
_____

OPINION
_____

PER CURIAM

        Willie L. Goodman, a prisoner incarcerated at the Federal Correctional Institution

in Fort Dix, New Jersey, appeals from an order of the District Court denying his petition

for a writ of habeas corpus.  For the following reasons, we will summarily affirm.

## I.

In January and February of 1998, Goodman committed two drug-related offenses while he was on parole from a sentence imposed by the State of New Jersey. As a result, Goodman was remanded to state custody and sentenced on May 17, 1998, to 15 months of imprisonment for violating his parole. Goodman was subsequently released to federal authorities on a writ of habeas corpus ad prosequendum. After pleading guilty to possession with the intent to distribute crack cocaine, Goodman was sentenced on June 24, 1999, by a judge in the District of New Jersey, to 198 months of imprisonment to run consecutively to the state term he was serving on the parole violation. On April 7, 2000, the state paroled Goodman into federal custody and his federal term began to run from that date.[1]

After challenging the calculation of his sentence through the federal Bureau of Prison's ("BOP") administrative remedy program, Goodman filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the District Court. Goodman asserted that the BOP failed to credit him with 379 days that he served in state custody between March 25, 1999, when he first became eligible for parole, and April 7, 2000, when he was released into federal custody. The District Court denied the petition and Goodman timely appealed.

---

[1] At the time Goodman was paroled, he was already in federal custody pursuant to a federal writ. Although federal authorities apparently did not learn that Goodman had been paroled until May 3, 2000, the BOP calculated his federal sentence as commencing on the date he was actually paroled, April 7, 2000.

The District Court had jurisdiction over Goodman's habeas petition pursuant to 28 U.S.C. § 2241.  See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We review the District Court's denial of Goodman's habeas petition de novo, see Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007), and may summarily affirm if no substantial question is presented by the appeal.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The authority to calculate a federal sentence and provide credit for time served has been delegated to the Attorney General, who acts through the BOP.   United States v. Wilson, 503 U.S. 329, 333-35 (1992).  In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence.  See 18 U.S.C. § 3585.  We conclude that the BOP correctly calculated Goodman's sentence and that Goodman's challenges are baseless.

Goodman suggests that his federal sentence should have commenced as of the date that he was eligible for parole on his state sentence, instead of the date that he was actually paroled.  But the date that Goodman became eligible for parole on his state sentence is irrelevant because his federal sentence could not have commenced until he was in federal custody, which did not happen until he was actually paroled by the State of New Jersey.  See Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000) ("[A] prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of

the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner."); see also 18 U.S.C. § 3585(a) (providing that a federal sentence commences on "the date the defendant is received in custody . . .at[] the official detention facility at which the sentence is to be served"). Accordingly, the BOP properly treated Goodman's federal sentence as commencing on April 7, 2000.

In his traverse, Goodman asserts that the BOP could have nunc pro tunc designated the state facility where he was serving his state sentence as the place of federal confinement as of March 25, 1999, pursuant to Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). Even though Goodman failed to exhaust that claim because he did not request such a designation during the administrative process, see Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009), we think the District Court appropriately dismissed it as meritless. See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000); cf. 28 U.S.C. § 2254(b)(2). In Barden, a state judge sentenced the defendant to a term of imprisonment to be served concurrently with an already-imposed federal term. 921 F.2d at 478. But since the defendant was in primary custody of the state, his federal term did not commence until he was released into federal custody after having served his state term, effectively resulting in consecutive service. Id. We recognized that the BOP had the discretion to nunc pro tunc designate the state facility as the place of federal confinement so as to allow the sentences to run concurrently. Id. at 483-84. Goodman is clearly not entitled to his requested nunc pro tunc designation under Barden because there is no subsequently imposed, concurrent state sentence to consider. Nor is Goodman

4

entitled to relief under BOP Program Statement 5160.05, the relevant BOP internal policy. This is because the federal judge who sentenced him expressly dictated that his federal sentence run <u>consecutively</u> to his already-imposed state sentence. <u>See</u> BOP Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u> (Jan. 16, 2003) available at, http://www.bop.gov/policy/progstat/5160_005.pdf at 6-7 ¶ 9(4)(f) (explaining that the BOP "will not allow a concurrent designation if . . . the federal sentencing court ordered the sentence to run consecutively to any other sentence, or custody in operation, during any time in which the inmate requests concurrent designation[.]"). Accordingly, we find no merit to Goodman's claim that the BOP should have designated his state facility as the place of his federal confinement.

Goodman's argument that he should be credited with the 379 days is also baseless. Since that time has been served on and credited toward Goodman's state sentence, the BOP is prohibited from double-counting that time toward his federal sentence.[2] <u>See</u> 18 U.S.C. § 3585(b) (requiring credit for time served "that has not been credited against another sentence"); <u>Wilson</u>, 503 U.S. 329, 337 (1992) ("Congress made clear [in § 3585(b)] that a defendant could not receive a double credit for his detention time."). Furthermore, despite Goodman's assertions, there is simply no evidence in the record that the federal sentencing court intended for Goodman to be credited with any time served in

---

[2] To the extent Goodman seeks a writ of coram nobis with respect to his state conviction, the District Court correctly recognized that it lacked jurisdiction to entertain such a challenge. <u>See</u> <u>Obado v. New Jersey</u>, 328 F.3d 716, 718 (3d Cir. 2003).

5

state custody. To the contrary, the federal sentencing court clearly intended for

Goodman's federal sentence to run consecutively to his state sentence.[3]

Since Goodman's appeal does not present a substantial question, we will

summarily affirm.

---

[3] To the extent Goodman challenges the validity of his federal sentence by arguing that the federal sentencing court misunderstood § 5G1.3 of the United States Sentencing Guidelines, he may not pursue such a challenge in a petition brought pursuant to § 2241. See United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004) (explaining that a prisoner attacking the validity of his sentence, as opposed to the execution of his sentence, must proceed under § 2255).